[Argued June 24; decided July 24, 1894.]

## FRIESE *v.* HUMMEL.

[37 Pac. Rep. 458.]

JURISDICTION OF EQUITY—TO SET ASIDE A JUDGMENT OR DECREE FOR FRAUD OR PERJURY.— Equity has no jurisdiction to set aside a former judgment or decree for perjury or fraud, unless the perjury or fraud was collateral to the questions examined and determined in the former proceeding.*

APPEAL from Multnomah: LOYAL B. STEARNS, Judge.

This is a suit by Louise Friese to set aside a former decree of this court, rendered March twenty-ninth, eighteen hundred and ninety-two, in the case of *Hummel* v. *Friese,*

---

*An extended monographic note on the subject of relief from judgments obtained by perjury is attached to the case of *Pico* v. *Cohn*, reported in 25 Am. St. Rep. 165, and 13 L. R. A. 336. The subject is also discussed in *Cotzhausen* v. *Kerting*, 29 Fed. 821, and in *Graver* v. *Faurot*, 64 Fed. 241.—REPORTER.

24 Or. 286, 29 Pac. 438, and for a new trial, on account of the alleged perjury of a witness. The plaintiff, for cause of suit, alleges *inter alia:* "That by perjury and fraud the plaintiff in the suit above named in this answer (referring to the answer in the former decree) had sufficient testimony to warrant the court in ordering and entering the decree above set forth. That C. G. Hummel, by whose testimony alone it was established that the conveyance named in said answer, described all the property purchased by the plaintiff from him in said block, perjured himself in the oath he took in this, in eighteen hundred and seventy-nine, by writing made and signed by him and delivered to one ——, he agreed for twelve hundred dollars, to be paid within one year, to deed all the land within said enclosure to said W. Beutelspacher, that in order to enable himself to convey all such land to plaintiff, said Hummel, by agreement with said W. Beutelspacher, and payment to him of twenty-five dollars, canceled such agreement, and it was returned to him with said understanding, in the presence of another party. That after testifying, and before said decree, said Hummel died; that since said decree was given, plaintiff discovered said testimony, not knowing of it before; that on a new trial of said suit plaintiff will introduce such testimony, and prove said facts by said witnesses." The court having sustained a demurrer to the complaint for the reason that it did not state facts sufficient to constitute a cause of suit, and the plaintiff refusing to further plead, a decree was rendered dismissing the suit, from which decree the plaintiff appeals.    AFFIRMED.

*Mr. Frank B. Jolly (Messrs. Edward Mendenhall,* and *J. E. Mendenhall* on the brief), for Appellant.

Equity will grant a new trial at law: *Peagram* v. *King,* 11 Am. Dec. 793; Note to *Oliver* v. *Pray,* 19 Am. Dec. 595,

where the current of modern authority is stated. *Floyd* v. *Jine*, 6 Johns. Ch. 479. In states having the reformed procedure where relief is obtained by motion for a new trial the equitable jurisdiction to grant new trials has not been abrogated: 2 Pomeroy's Equity Jurisprudence, § 836. A bill of review of a decree in equity will lie upon the discovery of new matter: 2 Story's Equity Jurisprudence, (12th ed.) § 888.

*Mr. Frank A. E. Starr* (*Messrs. Geo. E. Chamberlain*, and *Warren E. Thomas* on the brief), for Respondents.

The only reason alleged in the complaint herein for setting aside the decree rendered in the Circuit Court of Multnomah County, Oregon, and affirmed by this court on the twenty-sixth day of April, eighteen hundred and ninety-two, in the case of *W. F. Hummell and Frank Hummell* v. *A. H. Friese and Louise Friese*, is perjury of the grantor of the defendants herein, committed in the former trial, and not discovered until after the death of the alleged perjured witness, and after the rendition of the decree in the former suit, is relied upon to set aside said decree. The mere statement of the allegation shows the insufficiency of it, in this: *First*, it does not appear that the testimony of said witness was in the former trial, nor in what particulars, if any, the same was false, nor that the plaintiffs therein had anything to do with procuring such alleged false swearing, nor that he did not testify to the same facts now set out as newly discovered evidence; *second*, it does not appear that any effort whatever was made by the defendant in said suit to procure the testimony she now professes ability to produce, or that with proper diligence she could not have produced such evidence at the former trial; *third*, even if said allegation, as contained in the complaint herein, were true, it is immaterial

and could not in any way have affected the testimony of the witness or the result reached by the court in said case. These propositions will be considered together.

The great weight of authority is against the granting of a new trial in a court of equity to impeach the testimony of witnesses, or because a party has committed perjury, or even suborned a witness to commit perjury. Certainly a court cannot conclude from the naked allegation of perjury, without any facts being set out in the pleading upon which to predicate the charge — that perjury has been in fact committed in the trial of a cause : *Gray* v. *Barton*, 62 Mich. 186, 28 N. W. 816; Willard's Equity Jurisprudence, 358 ; *Woodworth* v. *Van Buskerk*, 1 Johns. Ch. 432 ; *Smith* v. *Lowry*, 1 Johns. Ch. 320 ; *Miller* v. *Morse*, 23 Mich. 365 ; *Mayor* v. *Brady*, 115 N. Y. 599, 22 N. E. 241; *Kern* v. *Wyatt*, 89 Va. 885, 17 S. E. 549.

There are no facts alleged that would· warrant the court in concluding, even if a new trial were granted, that the result would be different. The rule is well settled that equity will not grant relief unless it appears that the result of a new trial will be different from that already reached. *Secor v. Woodward*, 8 Ala. 500; *Gregory* v. *Ford*, 14 Cal. 138, 73 Am. Dec. 639; *Coon v. Jones*, 10 Iowa, 131; *Taggart* v. *Wood*, 20 Iowa, 236; *Fowler* v. *Lee*, 10 Glyn & Jam. 363, 32 Am. Dec. 172; *Gardner* v. *Jenkins* 14 Md. 58; *Harris v. Gwin*, 10 S. & M. 563; *Gifford* v. *Morrison*, 37 Ohio St. 502, 41 Am. Rep. 537; *Stokes v. Knarr*, 11 Wis. 389.

Nor are any facts alleged showing what diligence, if any, was made by the defendants in the former suit to procure the testimony upon which they now rely to set aside the judgment. The acts showing what diligence was used must be alleged, and not the mere conclusion: *Mayor* v. *Brady*, 115 N. Y. 599, 22 N. E. 241; *Gray* v. *Barton*, 62 Mich. 186, 28 N. W. 816.

Bills of review having been abolished by the Code, we

insist that in order to impeach a judgment or decree by original suit, on the ground of newly-discovered evidence, the complaint in such suit must allege specifically what is necessary to be shown in order to obtain a new trial under subdivision 4, section 235 of the Code.   Applications of this kind are looked upon with disfavor and distrust, and are only granted under the following restrictions: 1. The evidence must have been discovered since the former trial; 2. The party must have used due diligence to procure it on the former trial; 3. It must be material to the issue; 4. It must go to the merits of the cause and not merely to impeach the character of the witness; 5. It must not be cumulative; 6. It must be such as ought to produce on another trial an opposite result on the merits.

We insist that not a single one of the foregoing restrictions has been sufficiently set forth in the complaint herein; and as to the necessity of such allegations we call the attention of the court to 16 Am. and Eng. Ency. 564, 572, where the decisions of the courts of nearly all the states are collected and discussed.   See also *Lander* v. *Miles*, 3 Or. 40; *State* v. *Latshaw*, 1 Or. 146.

PER CURIAM: Did the complaint state sufficient facts to entitle the plaintiff to the equitable relief demanded, is the question involved in this suit.   A court of equity may, by an original bill in the nature of a bill of review, set aside a decree obtained by the fraud of the prevailing party, where the acts or conduct constituting such fraud were not involved in the consideration of the merits: 2 Freeman on Judgments (4th ed.), § 485.   A judgment or decree procured by perjury is doubtless a fraud, and such as would induce equity to grant relief, were it not for the fact that its existence can rarely or never be ascertained otherwise than by trying anew an issue tried in a former proceeding: 2 Freeman on Judgments (4th ed.), § 489. Frauds for which a court of equity will set aside a judg-

ment or decree must consist of extrinsic, collateral acts, not involved in the consideration of the merits. The credibility of testimony given on the trial of a cause, bearing upon the issue, is intrinsic, and has been considered in reaching the conclusion sought to be impeached; and the case is not the less tried on its merits, and the judgment is none the less conclusive, by reason of the false testimony produced: *United States* v. *Flint*, 4 Sawy. 42. "Relief," says ALLEN, J., in *Ross* v. *Wood*, 70 N. Y. 8, "can only be granted upon some new matter of equity not arising in the former case. Equity will not take cognizance, on the same grounds, of the very point which another court of competent authority in the case has considered and decided." In *Tebbets* v. *Tilton*, 31 N. H. 273, it was held that fraud in a judgment might be shown by a party when it may be done without showing any participation in the fraud, and where it does not involve a reëxamination of the merits of the case. In *Folsom* v. *Folsom*, 55 N. H. 78, it was held, in a suit to impeach a decree for fraud, that evidence discovered after the trial, which showed that the decree had been obtained by perjury, was not newly discovered, but cumulative upon the same issues tried before.

In *Pico* v. *Cohn*, 91 Cal. 129, 13 L. R. A. 336, 25 Pac. 970, and 27 Pac. 537, 25 Am. St. Rep. 159, the facts showed that the plaintiff was over eighty years old, unused to business, and could not speak or understand the English language; that he owned real property of the value of two hundred thousand dollars, upon which there was an incumbrance of sixty-three thousand dollars; that, being pressed for payment, he applied to one B. Cohn for and obtained a loan of that amount, to secure the payment of which he executed and delivered an absolute conveyance of all his property; that within two months from the time he received the loan he tendered to Cohn sixty-five thousand dollars and demanded a reconveyance, and upon Cohn's

refusal to convey, he commenced an action to recover said property; that during plaintiff's negotiations with Cohn, one Pico Johnson was present, and knew that the transaction was a loan and security, and not a purchase and conveyance absolute, and shortly after the execution of the deed so stated to others; that, relying on Johnson's knowledge of the transaction, and his statements concerning it, plaintiff called him as a witness, when, instead of testifying that the transaction was a loan and mortgage, he testified that it was a sale and absolute conveyance, and upon the strength of his evidence a decree was rendered in favor of the defendant. In a suit brought to set aside this decree, it was alleged, in addition to the foregoing facts, that plaintiff had made the discovery that Cohn had paid Johnson two thousand dollars to testify falsely, which sum was placed in the hands of one Forbes, with directions, given in Johnson's presence, to pay it to him if he testified to an absolute sale, and that immediately after he had so testified, he demanded and received the money. A demurrer to the complaint having been sustained by the lower court, the judgment was, upon appeal, affirmed, the court saying: "That a former judgment or decree may be set aside and annulled for some frauds there can be no question; but it must be a fraud extrinsic or collateral to the questions examined and determined in the action. And we think it is settled beyond controversy that a decree will not be vacated merely becase it was obtained by forged documents or perjured testimony." The reason assigned in support of this rule is that causes once tried by a court having jurisdiction of the subject matter and the parties should forever be at rest; that the unsuccessful party ought reasonably to expect, if he had an unscrupulous adversary, that perjured testimony would be offered at the trial, and should be prepared to meet it; and that, having gone into a consideration of the merits, he is estopped by

the conclusion of the court: *United States* v. *Flint*, 4 Sawy. 42; Fed. Cas. 15121. The plaintiff not having alleged sufficient facts to entitle her to the equitable relief demanded, there was no error in sustaining the demurrer (*Cotzhausen* v. *Kerting*, 29 Fed. 821), and the decree is therefore affirmed.                          AFFIRMED.