Argued and submitted March 15, reversed and remanded October 9, reconsideration denied November 22, 1985, petition for review denied February 19, 1986 (300 Or 546)

RICE,
*Appellant,*

*v.*

ORIENTAL FIREWORKS COMPANY et al,
*Defendants,*

CHOU,
*Respondent.*

(8206-03933; CA A32672)

707 P2d 1250

Larry N. Sokol, Portland, argued the cause for appellant. With him on the briefs was Jolles, Sokol & Bernstein, P.C., Portland.

Peter R. Chamberlain, Portland, argued the cause for respondents. With him on the brief was Bodyfelt Mount Stroup & Chamberlain, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiff appeals from a judgment dismissing his claim against J.C. Chou (Chou) for lack of personal jurisdiction. Plaintiff filed this claim against, *inter alia*,[1] J.C. Oriental Fireworks, Inc., (Oriental) a Maryland corporation, and Chou, a Maryland resident, for personal injuries he suffered while discharging fireworks distributed by Oriental or Chou.[2] In a pretrial order, ultimately reduced to the judgment appealed from, the trial court granted Chou's motion to dismiss for lack of personal jurisdiction. Oriental then dismissed local counsel and allowed an uncontested judgment to be taken against it in the amount of approximately $432,000.

We reject plaintiff's contention that jurisdiction over Chou could also be based on a single visit to Oregon in 1979 during which he promoted his business. A nonresident individual, not served in Oregon, is subject to the jurisdiction of an Oregon court only when he has had sufficient contacts with the state to satisfy the requirements of due process. ORCP 4L; *see, e.g., Helicopteros Nacionales de Colombia v. Hall,* 466 US 408, 104 S Ct 1868, 80 L Ed 2d 404 (1984); *International Shoe Co. v. Washington,* 326 US 310, 66 S Ct 154, 90 L Ed 95 (1945). If an individual's contacts are substantial, then he has a relationship with the state which warrants jurisdiction for all causes of action asserted against him. *Helicopteros Nacionales de Colombia v. Hall, supra,* 80 L Ed 2d at 411. However, if, as in this case, the individual's activities are not so pervasive as to justify the exercise of general jurisdiction over him, then jurisdiction depends on whether the action is "related to" or "arises out of" an individual's contacts with the state. *World-Wide Volkswagen Corp. v. Woodson,* 444 US 286, 100 S Ct 559, 62 L Ed 2d 490 (1980); *State ex rel Michelin v. Wells,* 294 Or 296, 657 P2d 207 (1982).

Although the Supreme Court has never determined what it means to say that a cause of action is "related to" or

---

[1] Defendants Oriental Fireworks Company, Horse Brand Fireworks Co., Temple of Heaven Brand Fireworks Co. and Roy Ne & Company Fireworks were never served and therefore are not involved in this case.

[2] Defendant argues that plaintiff did not allege that Chou was personally liable for plaintiff's injuries. The complaint is broad enough to admit proof that Chou, in his personal capacity, did all the acts alleged.

"arises out of" a defendant's activities in the state, *Helicopteros Nacionales de Colombia v. Hall, supra,* 80 L Ed 2d at 414-20 (Brennan, J., dissenting), the Oregon Supreme Court, in *State ex rel Michelin v. Wells, supra,* 294 Or at 302-03, held that a cause of action is "related to" or "arises out of" a defendant's contact with the state, if that contact is substantively relevant to the cause of action. In this case, it is clear that, although Chou's single visit to Oregon related to his business, that visit was not substantively relevant to plaintiff's cause of action and, therefore, does not satisfy the requirements of due process.

Plaintiff also contends, however, that the trial court should have disregarded the corporate form of Chou's "alter ego," Oriental, over which the court had undisputed jurisdiction and found personal jurisdiction over Chou. We agree with that contention and reverse the judgment dismissing the claim against Chou. The sole business of Oriental is to act as broker and distributor of professional display fireworks. The corporation has grossed from $230,000 to $400,000 annually. However, its assets have never exceeded $13,182, and it has never obtained liability insurance, even though, as Chou stated, accidents do occur, and lawsuits arise "as a general rule, right after July 4th." Chou also indicated that the lack of liability insurance motivates injured customers to bring actions against other defendants.

Chou is the president and treasurer of Oriental. His wife is vice president of the corporation, and his Maryland attorney is its secretary. Those officers, who also comprise the corporation's board of directors, have held their respective positions since the inception of the corporation in 1979. Chou stated that 5,000 shares of stock were authorized and issued when the corporation was formed, with 45 percent going to himself, 45 percent to his wife and 10 percent to his attorney. However, the record indicates that Chou owns 45 of the 90 shares issued by the corporation and his wife owns the other 45. There is no indication that the attorney was actually issued any shares. There is also no evidence that any consideration was given for the shares issued. Finally, there are no records or minutes of meetings of the shareholders or directors of the corporation, except for a signed form of unanimous consent by the board of directors in lieu of an organizational meeting.

■    The first issue is whether the trial court's jurisdiction over Chou may be premised on its undisputed jurisdiction over Oriental and effected by disregarding the corporation as a separate entity. Three Supreme Court cases have indicated a willingness to entertain that principle. *North Pacific v. Guarisco,* 293 Or 341, 647 P2d 920 (1982); *State ex rel Sweere v. Crookham,* 289 Or 3, 609 P2d 361 (1980); *State ex rel Ware v. Hieber,* 267 Or 124, 515 P2d 721 (1973).

In *North Pacific,* the plaintiff, a judgment creditor, brought an action against several individual and corporate defendants who had managed and controlled the insolvent corporate judgment debtor. As in this case, the plaintiff contended that the court could obtain jurisdiction over the defendants by "piercing the corporate veil" of the judgment debtor. The Supreme Court assumed that the plaintiff's contention was correct but held that the judgment debtor was not subject to the court's jurisdiction, because it found that, unlike here, the plaintiff's action did not derive from business transacted in the state but from a partially satisfied foreign judgment. 293 Or at 353-55.

*State ex rel Ware v. Hieber, supra,* was a mandamus proceeding in which the petitioners sought to quash service on the ground that Oregon courts had no personal jurisdiction over them. In the underlying litigation, the plaintiff had brought an action against the petitioners, California residents, who had guaranteed amounts due the plaintiff from a corporation doing business in Oregon, of which the petitioners were majority shareholders. The court specified three reasons why the trial court properly exercised jurisdiction: (1) the petitioners' guarantee was one aspect of a continuing course of business between the corporation and the plaintiff; (2) the guarantee caused important business consequences in Oregon; and (3) one of the petitioners had come to Oregon to commence the transaction. 267 Or at 132-33.

In *State ex rel Sweere v. Crookham, supra,* the court distinguished *Ware* and amplified its previous analysis. *Sweere* also involved a mandamus proceeding in which a petitioner sought to quash service for the reason that the court had no jurisdiction over him. The underlying litigation involved a contractual dispute between the plaintiff, an Oregon corporation, and an out-of-state corporate defendant

whose performance had been personally guaranteed by the petitioner. Relying on a *dictum* from *Ware,* the plaintiff contended that jurisdiction could be premised on jurisdiction over the corporation:

> " '[W]hen the parties to the underlying transaction which was guaranteed were transacting business in the forum state, the guarantors also would be found to be transacting business within the forum state.' " 289 Or at 8 (quoting *State ex rel Ware v. Hieber, supra,* 267 Or at 133).

The court stated that that *dictum* is an inaccurate general proposition in other than the circumstances in *Ware.* The *Sweere* court identified four circumstances, three of which have been noted above. The fourth it identified as follows:

> "* * * [B]ecause the Wares exercised complete control over the affairs of [their corporation], we held that it would be proper to 'pierce the veil' by imputing the contacts between Oregon and the corporation to the Wares." 289 Or at 9.

Guided by those cases, we conclude, as have many other courts, that a corporation's identity may be disregarded for purposes of maintaining jurisdiction over controlling shareholders. *See, e.g., Marine Midland Bank, N.A. v. Miller,* 664 F2d 899, 903-04 (2d Cir 1981); *Lakota Girl Scouts C., Inc. v. Havey Fund-Rais. Man., Inc.,* 519 F2d 634, 637-38 (8th Cir 1975); *Holfield v. Power Chemical Company, Inc.,* 382 F Supp 388, 390 (D Md 1974); *Sheard v. Superior Court,* 40 Cal App 3d 207, 114 Cal Rptr 743, 745 (1974). The principle is simple enough: "[I]f the corporation is [the shareholder's] alter ego, its contacts are his and due process is satisfied." *Lakota Girl Scouts C., Inc. v. Havey Fund-Rais. Man, Inc., supra,* 519 F2d at 637. We are presented, therefore, with the question of whether, under these facts, we should disregard the corporate identity of Oriental to obtain jurisdiction over Chou.

■ ■  In deciding whether Chou should be required to appear and answer personally, the appropriate criteria are the same as those applied for the purpose of imposing personal liability. However, the party seeking to establish personal jurisdiction need only make a *prima facie* showing, through affidavits and supporting materials, of the facts necessary to meet those criteria. Further, a finding that the corporate

identity should be disregarded for jurisdictional purposes does not resolve that liability issue finally on the merits.

■ There are three criteria for imposing liability on a shareholder: (1) The shareholder must have controlled the corporation; (2) the shareholder must have engaged in improper conduct in his exercise of control over the corporation; and (3) the shareholder's improper conduct must have caused plaintiff's inability to obtain an adequate remedy from the corporation. *Amfac Foods v. Int'l Systems,* 294 Or 94, 108, 654 P2d 1092 (1982).[3]

■ We conclude that plaintiff has demonstrated a *prima facie* case for disregarding the corporate form of Oriental. First, there is evidence that Chou actually controlled the corporation. It is to be emphasized that this criterion presents a threshold issue and is not by itself an adequate basis for disregarding the corporate entity. The criterion is satisfied if the shareholder controlled the operation of the corporation. Here, Chou owns one-half of the issued stock of the corporation. His wife owns the other one-half. Chou is the corporation's president and treasurer and is chairman of its board of directors. His wife is the corporation's vice-president. Thus, Chou has complete control over officer and director decisions and, with his wife, has control over shareholder decisions. That is *prima facie* evidence that Chou actually controlled the operation of the corporation.

■ Second, Chou engaged in improper conduct in the exercise of control over Oriental in two respects. First, he disregarded corporate roles and formalities which serve to protect the rights and define the responsibilities of owners, directors, officers, employes, creditors, government entities

---

[3] We recognize that, in *Amfac,* the plaintiff was a contract creditor and the court specifically declined to decide whether the test it articulated would be applicable as well to tort claimants. 294 Or at 107 n 15. We also decline to decide that question at this time but choose instead to apply the test articulated in *Amfac.* We do so for two reasons. First, the question has been neither litigated nor briefed. Second, although it is as yet undetermined whether a separate test will ultimately be set forth for tort claimants who seek to "pierce," there is no doubt that, if so, it will be less onerous than the test for contract claimants. *See* Barber, "Piercing the Corporate Veil," 17 Will L J 371, 378, 380-389 (1981); Krendl and Krendl, "Piercing the Corporate Veil: Focusing the Inquiry," 55 Denv L J 1, 5-6, 44-46 (1978); Hamilton, "The Corporate Entity," 49 Tex L Rev 979, 984-985, 988-989 (1971); Comment, "Should Shareholders be Personally Liable for Torts of their Corporations?," 76 Yale L J 1190 (1967). We hold here that plaintiff has made a *prima facie* showing that would justify piercing under what may ultimately prove to be a more strict test.

and the public at large. *See* Barber, "Piercing the Corporate Veil," 17 Will L J 371, 378 (1981). Second, Chou failed adequately to capitalize the corporation. *Amfac Foods v. Int'l Systems, supra,* 294 Or at 109; *Gardner v. First Escrow Corp.,* 72 Or App 715, 723, 696 P2d 1172 (1985). A corporation is inadequately capitalized when its assets are insufficient to cover its potential liabilities, which are reasonably foreseeable from the nature of the corporation's business. *See Minton v. Cavaney,* 56 Cal 2d 576, 15 Cal Rptr 641, 364 P2d 473, (1961); Lattin, *The Law of Corporations,* § 15, 76-77 (2d ed 1971). When the nature of a business causes its assets to remain modest, as with the brokerage business here, it is not unreasonable to expect that it will provide a sufficient alternative financial base to cover anticipated tort liabilities. Finally, there can be no doubt that Chou's failure adequately to capitalize or obtain insurance coverage for Oriental has caused plaintiff to have an inadequate remedy against the corporation.

Reversed and remanded.