Argued and submitted March 4, affirmed November 23, 1988

# AERO PLANNING INTERNATIONAL, INC.,
*Appellant,*

*v.*

## AIR ASSOCIATES, INC., et al,
*Respondents.*

## (A8505-02929; CA A43791)

764 P2d 610

John Dilorenzo, Jr., Portland, argued the cause for appellant. With him on the briefs were Eric M. Bosse and Moshofsky, Dilorenzo & Dietz, Portland.

Robert J. Ericsson, Portland, argued the cause for respondents. With him on the brief was Martin, Bischoff, Templeton, Biggs & Ericsson, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Plaintiff appeals a judgment that dismissed its breach of contract action against the individual defendants for lack of personal jurisdiction.[1] Plaintiff originally brought the action against the corporate defendants.[2] It obtained a judgment against HCI but was unable to collect it. Plaintiff then amended its complaint to add the individual defendants as parties. Three were shareholders of both corporations, two were officers and directors of both corporations, one was employed by both corporations and one was an officer of one corporation. They moved to quash service of summons or, in the alternative, to dismiss the complaint as to them for lack of personal jurisdiction. ORCP 21A. The court granted the motion to dismiss and entered judgment in their favor. We affirm.

■■ To obtain personal jurisdiction over the individual defendants, plaintiff must show jurisdiction over the corporate defendants and that the corporate veil should be pierced. *Rice v. Oriental Fireworks Co.,* 75 Or App 627, 707 P2d 1250 (1985).[3] It is agreed that there is jurisdiction over the corporate defendants.[4] To pierce the corporate veil, however, plaintiff must make a *prima facie* showing that the individual defendants controlled the corporations, that they engaged in improper conduct in their exercise of control, and that their improper conduct caused plaintiff's inability to obtain an adequate remedy from the corporation. *Rice v. Oriental Fireworks Co., supra,* 75 Or App at 633. To make a *prima facie* showing, plaintiff must present facts which, if true, are sufficient to allow a factfinder to find in its favor.

Plaintiff assigns as error that the court held that it failed to make a *prima facie* showing. We look first to the

---

[1] The individual defendants are Phillip Sacks, Fern Sacks, Errol Friedman, and Ed Mahood. John Does 1-5 and Jane Does 1-5, named in the complaint, did not join in the motion.

[2] The corporate defendants are HCI Helicopters, Inc. (HCI) and Air Associates, Inc.

[3] None of the individual defendants resides, owns property, or has other contacts in the State of Oregon.

[4] The corporate defendants consented to jurisdiction of the Oregon courts in lease agreements between the parties.

factor of improper conduct. Plaintiff alleges that the individual defendants have acted improperly by commingling the accounts and affairs of the corporate defendants, undercapitalizing them and "milking" their assets. *See Amfac Foods v. Int'l Systems,* 294 Or 94, 109-10, 654 P2d 1092 (1982). We take plaintiff's factual submissions as true.

■   As to commingling, plaintiff's evidence shows that the defendant corporations did not keep separate accounts or records. The individual defendants also managed them jointly. Although two of the individual defendants performed services for HCI, only Air Associates compensated them. These facts do not show, however, that, as between the shareholders and the defendant corporations, the shareholders disregarded the corporate entities. *See* Barber, "Piercing the Corporate Veil," 17 Will L R 371, 377-80, 397-98 (1981). Plaintiff does not show that there was commingling of the individual defendants' personal accounts and those of the corporations.[5]

■   Plaintiff asserts that the defendant corporations were undercapitalized. In their affidavits, plaintiff's attorney and its president also assert that individual defendants "failed to provide sufficient unencumbered capital for the corporate defendants to meet foreseeable business liabilities." Plaintiff does not offer any specific facts to support these conclusions. Moreover, the facts that the defendant corporations are now out of business and cannot pay plaintiff's judgment are not a sufficient basis on which to conclude that they were undercapitalized.

■   As to milking of the corporations' assets, plaintiff's affidavits assert that the individual defendants sold an asset called the "Helicopter Blue Book" to a third party in "an attempt to divest the single largest asset of the corporate defendants" and failed to account for the proceeds. The affidavits do not offer any other specific facts in support of this

---

[5] Plaintiff showed that three of the individual defendants are now engaged in other businesses substantially similar to that of corporate defendants. This is not a showing that they are engaged in improper conduct in the exercise of control over the defendant corporations.

assertion.[6] Plaintiff has not shown what the "Helicopter Blue Book" was, what its value was, or that the individual defendants diverted proceeds of the sale away from the corporations.

■  Accordingly, plaintiff failed to make a *prima facie* showing of improper conduct of the individual defendants in the exercise of control over the corporations. We do not need to decide, therefore, whether plaintiff made a *prima facie* showing that the individual defendants controlled the corporations or whether their conduct caused plaintiff's inability to obtain a remedy from the corporations. Plaintiff failed to establish a *prima facie* showing to "pierce the corporate veil." As a result, it failed to obtain personal jurisdiction over the individual defendants.

Affirmed.

---

[6] In oral argument, plaintiff's attorney stated that the Helicopter Blue Book was a service sold to customers that evaluated the value of helicopters, that the entire business was sold, and that, as a result, the corporations were without assets. These facts were not set forth in plaintiff's factual submissions and we may not consider them on appeal.