Argued and submitted October 9, 2008, affirmed on appeal and cross-appeal
April 1, 2009

## MBNA AMERICA BANK, N. A.,
*Plaintiff-Appellant*
*Cross-Respondent,*

*v.*

## Rico M. GARCIA,
*Defendant-Respondent*
*Cross-Appellant.*

Multnomah County Circuit Court
050505309; A134952

205 P3d 53

Krista L. White, Seattle, argued the cause for appellant - cross-respondent. With her on the briefs was Bishop, White & Marshall, P.S.

Richard A. Weill argued the cause and filed the brief for respondent - cross-appellant.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

SCHUMAN, J.

**SCHUMAN, J.**

Defendant's former wife obtained credit cards from plaintiff, unbeknownst to defendant and in his name, and then incurred substantial debt. When defendant failed to make payments, plaintiff submitted the matter to arbitration as provided in the credit card contract. On the recommendation of his former wife, defendant retained a man who falsely represented that he was an attorney and who, in the arbitration and in several federal court cases, raised a number of obviously bogus claims and defenses, the result of which was an arbitration award against defendant, duly confirmed by a judgment in circuit court. At that point, defendant retained a licensed attorney, who moved to vacate the judgment under ORCP 71 C, set out below. The trial court granted the motion, vacated the judgment confirming the arbitration award, and remanded the case to the arbitrator to "determine if arbitration proceedings will be reopened or not." Plaintiff appeals, arguing that the court abused its discretion in vacating the judgment and in denying plaintiff's motion to reinstate it.[1] On cross-appeal, defendant assigns error to the court's order remanding the case to the arbitrator, arguing that whether there is an agreement to arbitrate is an issue for the court. For the reasons that follow, we conclude that the court did not abuse its discretion in granting relief under ORCP 71 C and that the court complied with ORS 36.700(1). We therefore affirm on appeal and on cross-appeal.

The following facts are either taken from an uncontested declaration by defendant's attorney or, where contested, are consistent with the trial court's conclusions. *Ball v. Gladden*, 250 Or 485, 487, 443 P2d 621 (1968). Plaintiff sent a credit card application form addressed to defendant at his home address. His former wife intercepted the application and filled it out in defendant's name, providing an address that was either a post office box or the residence of a friend, neither of which defendant knew about. She then used the cards and accumulated substantial debt, which defendant did not discover until plaintiff began collection

---

[1] Plaintiff also raises several arguments that are relevant only to relief from judgment under ORCP 71 B(1). The trial court, however, explicitly granted relief under ORCP 71 C. We therefore need not and do not discuss those arguments.

proceedings. Four years later, defendant defaulted on making payments on the account, and plaintiff, pursuant to the credit card agreement, initiated arbitration proceedings in the National Arbitration Forum (NAF).

Acting on a recommendation from his former wife, defendant "retained" a man named Barlow to represent him, believing Barlow to be a licensed attorney. Barlow was not licensed to practice law. Apparently, he advised defendant that defendant could favorably resolve the collection matter by demanding that plaintiff submit the claim to an arbitrator, Alta Arbitration Associates, working out of Billings, Montana, which would invoke certain obscure legal theories to invalidate the debt. Defendant followed that advice. Alta Arbitration Associates, which apparently relied on theories it obtained on the Internet, was not one of the fora approved in the agreement between the parties. Plaintiff refused to participate. Alta Arbitration Associates then rendered a "judgment" in defendant's favor and bestowed on him an "award" of $62,765.46 plus interest and costs. When defendant, still "represented" by Barlow, attempted to enforce the "judgment" from Alta Arbitration Associates in federal court, the court twice dismissed the complaint.

In the meantime, plaintiff and defendant participated in arbitration proceedings before the NAF, resulting in an arbitration award in favor of plaintiff and against defendant for $23,515.33. Plaintiff filed a motion to confirm the award in Multnomah County Circuit Court, defendant failed to appear at the hearing, and, on February 18, 2005, the trial court issued a default judgment confirming the award and awarding plaintiff a money judgment.

In May 2006, defendant contacted the Oregon State Bar in regard to his pending dissolution of marriage case, and the Bar referred him to a licensed attorney. At that point, defendant learned that Barlow was not licensed to practice law. Meanwhile, plaintiff sought to enforce the judgment against defendant through garnishment proceedings. On January 22, 2007, defendant filed a motion for relief from judgment under ORCP 71 B(1) (mistake, inadvertence, surprise, or excusable neglect) and ORCP 71 C (court's inherent

power to set aside a judgment). On February 5, 2007, the court granted defendant's motion, concluding as follows:

> "Under ORCP 71 C, this Court has inherent power as a court sitting in equity to 'modify a judgment within a reasonable time.'
>
> "Here, it is clear that, though through no wrongdoing of plaintiff, defendant has not received a full and fair hearing of his defenses to the debt plaintiff claims he owes. This is because, as defendant through counsel maintains, defendant has been the dupe of a con man who claimed to act for him as counsel. Defendant was not aware of this fraud until he retained a licensed attorney, who investigated and discovered the fraud.
>
> "The Court acknowledges the difficult burden plaintiff has borne throughout this process. However, this is a case where, because of the fraudulent conduct of a third party, defendant has not had his day in court. This Court consequently sets aside the judgment of default * * *."

Plaintiff filed a second petition to confirm the arbitration award. The trial court then issued a letter stating that its order was intended to vacate the judgment, and, after receiving leave of this court, issued an amended order on June 7, 2007, to that effect. The amended order was identical to the first, except that it stated that the court was vacating the judgment and remanding the case to the arbitrator to "determine if arbitration proceedings will be reopened or not." Plaintiff appeals that amended order, arguing that it was an abuse of discretion. Defendant cross-appeals, arguing that the case should not have been remanded, because the court, not the arbitrator, decides whether a case is arbitrable.

ORCP 71 A and ORCP 71 B describe specific circumstances in which a trial court has express authority to vacate or modify a final judgment. ORCP 71 C, in turn, provides:

> "This rule does not limit the inherent power of a court to modify a judgment within a reasonable time, or the power of a court to entertain an independent action to relieve a party from a judgment, or the power of a court to grant relief to a defendant under Rule 7 D(6)(f), or the power of a court to set aside a judgment for fraud upon the court."

"ORCP 71 C thus 'reaffirms a trial court's traditional power to modify a judgment.' " *Patrick v. State of Oregon,* 178 Or App 97, 103, 36 P3d 976 (2001) (quoting *Condliff v. Priest,* 82 Or App 115, 118, 727 P2d 175 (1986)). A court may grant relief under ORCP 71 C based on extrinsic fraud, but will deny it if the fraud is intrinsic. *Wimber v. Timpe,* 109 Or App 139, 146, 818 P2d 954 (1991). Extrinsic fraud consists of acts not involved in the factfinder's consideration of the merits of the case; it provides a basis for relief from a judgment because it prevents the unsuccessful party from fully trying the case. *Id.* "Examples of extrinsic fraud include keeping a party in ignorance of an action, false offers of compromise, an attorney's betrayal of the client's interest to an adversary and other acts of a similar nature." *JRD Development Joint Venture v. Catlin,* 116 Or App 182, 184, 840 P2d 737 (1992), *adh'd to as modified on recons,* 118 Or App 502, 848 P2d 136, *rev den,* 316 Or 528 (1993). Intrinsic fraud, in contrast, consists of acts involved in the merits of the case, typically perjured testimony. *Wimber,* 109 Or App at 146. If the fraud is intrinsic, the litigant had an opportunity to refute the representations, and a court will deny relief because of the strong policy favoring finality in litigation. *Id.; Friese v. Hummel,* 26 Or 145, 151, 37 P 458 (1894).

▮    Plaintiff argues that the trial court erred in granting relief from judgment under ORCP 71 C. We review the trial court's decision for abuse of discretion. *Cam and Cam,* 216 Or App 358, 364, 174 P3d 1018 (2007). A trial court abuses its discretion when its decision is not within the range of legally permissible choices. *State v. Rogers,* 330 Or 282, 312, 4 P3d 1261 (2000). According to plaintiff, the court abused its discretion because the fraud perpetrated by defendant's former wife was intrinsic; it pertained to an issue in the case (whether defendant was bound by the arbitration clause if his former wife forged his signature on the credit card agreement). Further, according to plaintiff, the fraud perpetrated by Barlow was not extrinsic because, although it did not involve one of the substantive issues in the litigation, Barlow was not defendant's adversary in the collection case and had nothing to do with one. To the extent Barlow betrayed defendant to an adversary, he did so with respect to a third party:

defendant's former wife, his adversary in the dissolution case.

■     We agree with plaintiff that the fraud perpetrated by defendant's former wife is intrinsic, because whether she fraudulently opened a credit card account in defendant's name goes to the merits of the case—that is, to whether defendant is liable for the debt incurred and is bound by the agreement to arbitrate. Because that fraud is intrinsic, defendant had the opportunity to address it in the proceedings below, and we will not grant relief on that basis. We agree with defendant, however, that the fraud perpetrated by Barlow is extrinsic. It did not involve a fraudulent representation as to any matter that was at issue in the case; rather, it was a fraudulent representation that prevented defendant from having a genuine attorney present his case and was therefore "of a similar nature" to "an attorney's betrayal of the client's interest to an adversary." *JRD Development Joint Venture*, 116 Or App at 184.

Plaintiff argues that a court may vacate a judgment for extrinsic fraud only if that fraud was perpetrated by an opposing party. We disagree. Plaintiff correctly notes that ORCP 71 B(1)(c) allows a court to vacate a judgment for "fraud * * * *of an adverse party*." (Emphasis added.) That limiting phrase is absent from ORCP 71 C, and we presume the absence is intentional and significant. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993) ("[U]se of a term in one section and not in another section of the same statute indicates a purposeful omission."). Indeed, if the phrase "fraud upon the court" in ORCP 71 C had the meaning that plaintiff attributes to it—"fraud of an adverse party"—then the phrase would add nothing to what is already stated in ORCP 71 B(1)(c). It would be mere surplusage, and we strive to interpret statutes so that every part has effect. ORS 174.010. And, of course, adding the phrase "of an adverse party" to the term "fraud" in ORCP 71 C would be to insert what the legislature has omitted, contrary to the legislature's instructions about interpreting the statutes that it enacts. ORS 174.010. We therefore conclude that the trial court did not abuse its discretion in setting aside the judgment under ORCP 71 C.

Plaintiff also argues that the trial court erred in failing to confirm the arbitration award pursuant to ORS 36.700(1). That statute provides, in part:

> "After a party to an arbitration proceeding receives notice of an award, the party may make a petition to the court for an order confirming the award. * * * The court shall issue a confirming order unless within 20 days after the petition is served on the other parties:

> "(a)   A party requests that the arbitrator modify or correct the award under ORS 36.690; or

> "(b)   A party petitions the court to vacate, modify or correct the award under ORS 36.705 or 36.710."

In the present case, plaintiff petitioned the court for an order confirming the arbitration award, and—contrary to the implication of plaintiff's assignment of error—the court granted it. The court also entered a judgment based on that confirmation, and, as we have discussed, subsequently and correctly vacated that judgment. The court, then, complied with ORS 36.700(1): it confirmed the award, entered judgment accordingly, and then subsequently, by vacating that judgment, *un*confirmed the award. The point of plaintiff's argument, if we understand it, appears to be that defendant had 20 days to seek modification, correction, or vacation of the award, and that, once that period had elapsed, the court was powerless to take any of those remedial actions. We disagree. It is true that the court must confirm the award in those circumstances, and it did so; but that does not mean that, subsequently, the court cannot invoke ORCP 71 C to vacate the judgment confirming the award, thereby effectively vacating the award at the same time. The court, in sum, did not err in vacating the judgment that confirmed the arbitration award and, in so doing, also vacating the award itself.

Defendant, in his cross-appeal, argues that the court erred in returning the case to the arbitrator so that he "shall determine if arbitration proceedings will be reopened or not." According to defendant, that mandate could be interpreted to mean that the existing arbitration award is intact and that plaintiff can once again petition the court to confirm it. The mandate cannot and does not have that effect. Rather, we interpret it to mean that, if plaintiff chooses to pursue this

case, it can return to arbitration, where the arbitrator will decide as a threshold question whether the credit card agreement that contains the arbitration provision is enforceable. *See Vasquez-Lopez v. Beneficial Oregon, Inc.*, 210 Or App 553, 562, 152 P3d 940 (2007) (challenge to the validity of the contract as a whole based, for example, on fraud, and not specifically to the arbitration clause, is decided by arbitrator and not court).

Affirmed on appeal and cross-appeal.