Argued and submitted January 27; general judgment as to Sandlow reversed and remanded, otherwise affirmed March 30, 2022

Jerry WETZEL,
*Plaintiff-Respondent,*

*v.*

Arnold SANDLOW
and Better Health Solutions, Inc.,
a Delaware corporation,
*Defendants-Appellants,*

*and*

Mauricio CALVI,
*Defendant.*

Jackson County Circuit Court
19CV40817; A174742

509 P3d 182

Better Health Solutions, Inc. (BHSI) and plaintiff entered into an agricultural lease agreement whereby BHSI would rent property from plaintiff. Ultimately, BHSI did not make any payments towards the lease and plaintiff sued both BHSI and its president (Sandlow) under a veil-piercing theory to recover the unpaid rent. The trial court granted summary judgment in favor of plaintiff at a hearing without Sandlow or BHSI in attendance. Defendants Sandlow and BHSI moved to set aside the judgment for excusable neglect and surprise, ORCP 71 B, or alternatively under the trial court's inherent powers, ORCP 71 C, and the trial court denied the motion. On appeal, Sandlow contends that there were genuine issues of material fact regarding his liability to plaintiff under a veil-piercing theory. ORCP 47 C. Both Sandlow and BHSI assign error to the trial court's denial of their motion to set aside the judgment. *Held*: The trial court erred when it granted summary judgment on plaintiff's veil-piercing claim because there were genuine issues of material fact as to whether BHSI was undercapitalized at the time of formation. However, the trial court did not err when it denied BHSI's motion to set aside the judgment because the totality of the circumstances showed that BHSI did not take reasonable steps to protect its interests.

General judgment as to Sandlow reversed and remanded; otherwise affirmed.

Timothy C. Gerking, Judge.

Noam Amir-Brownstein argued the cause for appellants. Also on the briefs were Ryan D. Harris and Vial Fotheringham LLP.

Melisa A. Button argued the cause for respondent. Also on the brief was Hornecker Cowling LLP.

Before James, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

General judgment as to Sandlow reversed and remanded; otherwise affirmed.

**KAMINS, J.**

Better Health Solutions, Inc. (BHSI) and plaintiff entered into an agricultural lease agreement whereby BHSI would rent property from plaintiff. Ultimately, BHSI did not make any payments towards the lease and plaintiff sued both BHSI and its president (Sandlow) under a veil-piercing theory to recover the unpaid rent. The trial court granted summary judgment in favor of plaintiff, and defendants Sandlow and BHSI now appeal, raising four assignments of error. We reject the third and fourth assignments of error without discussion.

In the first assignment of error, Sandlow contends that the trial court erred when it granted plaintiff's motion for summary judgment, determining that there was no genuine issue of material fact regarding Sandlow's liability to plaintiff under a veil-piercing theory.[1] ORCP 47 C. In the second assignment of error, both Sandlow and BHSI argue that the trial court erred when it denied the motion to set aside the judgment for excusable neglect and surprise, ORCP 71 B, or alternatively under the trial court's inherent powers, ORCP 71 C. We conclude that there were genuine issues of material fact as to the veil-piercing claim against Sandlow but that the trial court did not err when it refused to set aside the judgment as to BHSI. Therefore, we reverse and remand the general judgment as to Sandlow, and otherwise affirm.

In 2018, plaintiff entered into a lease agreement with BHSI. That agreement was signed by Sandlow, who is the incorporator, president, secretary, and chief financial officer of BHSI. In 2020, plaintiff sued BHSI for unpaid rent, and included Sandlow under a veil-piercing theory. After unsuccessfully moving to strike himself as a party under ORCP 30, Sandlow filed a *pro se* answer to the amended complaint on behalf of both himself and BHSI. Plaintiff's counsel informed Sandlow that he could not file a *pro se* answer on behalf of BHSI under ORS 9.320, which requires a corporation to appear through an attorney. Sandlow then filed an identical answer, this time only for himself. Plaintiff

---

[1] Defendants concede that BHSI has not preserved the question of whether the motion for summary judgment was granted in error against it.

moved to strike the answer that had been filed on behalf of BHSI and for a default order against BHSI. The trial court never ruled on that motion.

As BHSI was never defaulted (despite never entering an appearance that comported with the rules of civil procedure), plaintiff sought discovery in the form of requests for admissions and requests for production. BHSI did not respond to any discovery requests, and plaintiff argued that the requested admissions were admitted by default pursuant to ORCP 45 B.[2]

Using those admissions as support, plaintiff filed a motion for summary judgment against Sandlow and BHSI. Neither Sandlow nor BHSI responded to the motion nor appeared for the summary judgment hearing. A hearing was held without Sandlow or BHSI and the trial court granted the motion for summary judgment.

Plaintiff's counsel emailed a copy of the order granting the motion for summary judgment to Sandlow, who responded that he objected to the entry of the order and that he was not aware of the hearing. According to Sandlow, the motion—which was served by mailing copies to Sandlow's last known address in California—was lost in the mail. After receiving plaintiff's email, Sandlow filed a *pro se* motion to set aside the judgment as to both himself and BHSI, a counter motion for summary judgment on behalf of himself, and an opposition to plaintiff's motion for summary judgment as to both himself and BHSI. The court, upon learning of Sandlow's objections, scheduled a hearing. At the hearing, the trial court denied Sandlow's motion to set aside the judgment as premature, denied the counter motion for summary judgment as moot, and finally signed the order granting summary judgment.

Sandlow, still acting *pro se*, next filed another motion to set aside the judgment on behalf of himself and

---

[2] The default admissions by BHSI were that (1) Sandlow is a mere alter ego of BHSI; (2) BHSI was not adequately capitalized at the time of its formation; (3) BHSI does not observe requisite corporate formalities;(4) both Sandlow and BHSI are liable to plaintiff for all damages alleged against them in the instant litigation; (5) BHSI entered into the subject lease agreement; (6) BHSI was never registered to transact business within the State of Oregon; and (7) both Sandlow and BHSI breached their obligations under the lease agreement.

BHSI under ORCP 71 B. He argued that the failure to respond to the summary judgment motion was due to surprise and excusable neglect because he did not receive notice of the motion before the hearing took place. After retaining counsel, Sandlow and BHSI submitted a reply to plaintiff's opposition to the motion to set aside, arguing in the alternative that the trial court should set aside the judgment under ORCP 71 C. The trial court then held a hearing on that motion to set aside the general judgment. Sandlow and BHSI were represented by counsel at that proceeding. The trial court ultimately denied the motion, and Sandlow and BHSI timely appealed.

"We review a trial court's grant of summary judgment to determine whether there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Evans v. City of Warrenton*, 283 Or App 256, 258, 388 P3d 1167 (2016). That standard requires that we view "the relevant facts and [make] all reasonable inferences in the light most favorable to the nonmoving party." *Id.* at 259. "[O]ur review is limited to the record that exists at the time of the court's ruling on the parties' motions for summary judgment." *Leonard v. Moran Foods, Inc.*, 269 Or App 112, 124, 343 P3d 693, *rev den*, 357 Or 324 (2015).[3]

The trial court granted the motion for summary judgment on the claim of veil-piercing without discussion on the record and signed plaintiff's proposed general judgment. Therefore, the summary judgment record was limited to plaintiff's motion for summary judgment and the filings that had previously been submitted to the court.

In order to pierce the corporate veil, plaintiff has the burden to prove that (1) Sandlow had actual control of BHSI, (2) Sandlow used his control of BHSI to engage in improper conduct, and (3) plaintiff was harmed as a result of that improper conduct. *State ex rel Neidig v. Superior National Ins. Co.*, 343 Or 434, 454-55, 173 P3d 123 (2007).

---

[3] Both parties at times during their arguments regarding this assignment of error refer to facts that appear to be outside the scope of the summary judgment record. We address exclusively those facts that we understand were before the trial court when it granted summary judgment.

Because it is undisputed that Sandlow held actual control of BHSI, we focus on the allegations of improper conduct. The trial court found that BHSI engaged in two types of improper conduct: inadequate capitalization and a failure to follow corporate formalities. *See Amfac Foods v. Int'l Systems*, 294 Or 94, 109, 654 P2d 1092 (1982) (recognizing that inadequate capitalization is a form of improper conduct); *Rice v. Oriental Fireworks Co.*, 75 Or App 627, 633-34, 707 P2d 1250 (1985), *rev den*, 300 Or 546 (1986) (recognizing that disregarding corporate formalities is a form of improper conduct). Sandlow contends there were genuine issues of material fact related to both the alleged inadequate capitalization and the failure to follow corporate formalities.

The trial court erred in concluding that there was no genuine issue of material fact regarding BHSI's alleged undercapitalization. When analyzing undercapitalization, "a corporation must have sufficient capital to cover its reasonably anticipated liabilities, measured by the nature and magnitude of its undertaking, the risks attendant to the particular enterprise and normal operating costs associated with its business." *Klokke Corp. v. Classic Exposition, Inc.*, 139 Or App 399, 405, 912 P2d 929, *rev den*, 323 Or 690 (1996) (quoting *Gardner v. First Escrow Corp.*, 72 Or App 715, 723, 696 P2d 1172, *rev den*, 299 Or 314 (1985)). There is no statutory minimum capitalization amount. *Salem Tent & Awning v. Schmidt*, 79 Or App 475, 482, 719 P2d 899, *rev den*, 302 Or 36 (1986).

The only evidence in the record regarding BHSI's capitalization at the time the summary judgment motion was granted was the certificate of incorporation that authorized BHSI to issue 100,000,000 shares valued at $.001 per share, BHSI's admission by default to being undercapitalized at the time of formation,[4] and Sandlow's denial in the request for admissions that BHSI was inadequately capitalized.

---

[4] The parties dispute whether BHSI's default admissions can be used as evidence against Sandlow. *See, e.g., Dodge et al. v. Davies et al.*, 181 Or 13, 27, 179 P2d 735 (1947) ("An admission in the answer of one defendant is not conclusive upon other defendants."); *Ball v. Danton*, 64 Or 184, 198, 129 P 1032 (1913) (default by one party could not be used against other parties who were allegedly in a conspiracy with the defaulted party); *Austin Mutual Ins. Co. v. McMannamy*, 145 Or App 437, 442, 929 P2d 1081 (1996), *rev den*, 325 Or 45 (1997) (default judgment against insured did not preclude plaintiff, a different party, from litigating

When determining whether a corporation is inadequately capitalized, we evaluate whether there is sufficient capital to cover its anticipated liabilities. *Klokke Corp.*, 139 Or App at 405. The only information in the record about BHSI's anticipated liabilities was the lease agreement with plaintiff. The terms of the lease were that BHSI would pay $12,000 up front as a security deposit, $5,000 a month in rent for the first year, and $12,000 a month for the remaining four years of the lease term.

Plaintiff's summary judgment motion—which the trial court granted in its entirety—asserted that BHSI had a total market capitalization of $100 at the time of formation. However, the certificate of incorporation demonstrated that BHSI was authorized to issue 100,000,000 shares valued at $.001 per share, worth a total of $100,000. Plaintiff appears to concede the mathematical error but maintains that there was no evidence that BHSI had actually issued those shares or received that amount of capital. According to plaintiff, that lack of evidence means that there is no dispute of material fact regarding plaintiff's allegation of undercapitalization. At trial, however, plaintiff would have the burden of proof, including the burden of production, on the issue of veil-piercing. *See Rowden v. Hogan Woods, LLC*, 306 Or App 658, 680, 476 P3d 485 (2020) ("[A] plaintiff seeking to pierce the corporate veil must prove that a defendant had control of the limited liability company, that the defendant used that control to engage in improper conduct, and that, as a result of the improper conduct, the plaintiff was harmed."). Plaintiff's assertion, therefore, incorrectly shifts the burden of production from plaintiff to Sandlow. *See* ORCP 47 C ("The adverse party [to a motion for summary judgment] has the burden of producing evidence on any issue raised in the motion as to which the adverse party would have the burden of persuasion at trial.").[5]

---

whether the insurance policy covered the accident). That question is complicated by the fact that BHSI was in default, and yet the trial court never ruled on the motion for a default judgment. As there are genuine issues of material fact even when accounting for BHSI's default admissions, we need not enter that thicket.

[5] Plaintiff argues that Sandlow's failure to produce documents in response to the requests for production means either that the evidence does not exist or that Sandlow failed to meet his discovery obligations. Plaintiff points to ORS 40.135 (1)(c) to demonstrate that Sandlow's failure to meet his discovery obligations

        We must view the summary judgment record in the light most favorable to Sandlow and make all reasonable inferences in his favor. *Evans*, 283 Or App at 259. In light of that standard of review, and considering the limited information in the record, we cannot say that all reasonable factfinders would have to agree that BHSI's initial capitalization of $100,000 was insufficient to cover its anticipated rent liabilities under the lease. *See Wieck v. Hostetter*, 274 Or App 457, 470, 362 P3d 254 (2015) (reasoning that where the moving party would have had the burden of proof, we review the summary judgment record to determine whether the evidence presented by the moving party is such that "all reasonable factfinders would have to find in [the moving party's] favor").[6]

        We now turn to the trial court's decision to deny BHSI's motion to set aside the general judgment under ORCP 71 B due to excusable neglect and surprise, or alternatively, by the inherent power of the trial court under ORCP 71 C. The trial court did not give any reasoning, nor did it specify on which basis it was denying the motion. Where, as here, the trial court did not expressly rule on excusable neglect, the court's denial of a motion based on excusable neglect "is an implicit ruling that defendant's neglect was inexcusable." *National Mortgage Co. v. Robert C. Wyatt, Inc.*, 173 Or App 16, 23, 20 P3d 216, *rev den*, 332 Or 430 (2001). We review a trial court's conclusion under ORCP 71 B as to whether the moving party's neglect, inadvertence, surprise, or mistake are cognizable grounds for relief for legal error. *Union Lumber Co. v. Miller*, 360 Or 767, 778, 388 P3d 327 (2017). We review a court's decision whether to set aside a judgment under ORCP 71 C for abuse of discretion. *MBNA America Bank v. Garcia*, 227 Or App 202, 207, 205 P3d 53 (2009).

        ORCP 71 B(1), in relevant part, provides that "[o]n motion and upon such terms as are just, the court may

---

should result in a presumption that the evidence would have been adverse to Sandlow's position. However, any remedy for a discovery violation is obtained through the process set out in ORCP 46, not through an automatic determination that either the evidence does not exist or that Sandlow is willfully suppressing it.

    [6] Because there is a genuine dispute of material fact as to whether BHSI was undercapitalized, we do not address the allegations regarding corporate formalities.

relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect[.]" "The focus of the inquiry is whether the totality of the circumstances reflects that the party seeking relief from judgment has taken reasonable steps to protect its interests." *Reeves v. Plett*, 284 Or App 852, 855, 395 P3d 977 (2017) (internal quotation marks omitted).

The totality of these circumstances reflects that BHSI did not take "reasonable steps to protect its interests." *Id*. BHSI's initial appearance in the proceeding was subject to an unresolved motion for default because it was filed by Sandlow, a nonattorney, on behalf of BHSI. BHSI failed to respond to any discovery requests and filed no other responsive pleadings until after summary judgment had been granted. None of the arguments to the trial court explained how BHSI's neglect in responding to the motion for summary judgment in particular could be excusable when BHSI never responded to any other motion filed previously. *Cf. Johnson v. Sunriver Resort Limited Partnership*, 252 Or App 299, 306, 287 P3d 1153 (2012), *rev den*, 353 Or 280 (2013) (reasoning that neglect that leads to a default will be deemed excusable when a defendant took reasonable initial steps to ensure that an appropriate response would be filed even though the process later broke down). Because the record demonstrated no cognizable ground for relief, the trial court did not err when it denied BHSI's motion to set aside the judgment under ORCP 71 B or ORCP 71 C.

General judgment as to Sandlow reversed and remanded; otherwise affirmed.