**This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).**

Argued and submitted February 13, affirmed April 12, 2023

In the matter of the Estate of
Leonila Madrigal Yasana, Deceased.

Edward T. YASANA,
*Devisee-Appellant,*

*v.*

Carmen E. KACZOR,
*Devisee-Respondent,*

*and*

Richard D. YASANA
and Linda G. Ernst,
*Devisees.*

Klamath County Circuit Court
17PB03426; A177571

Dan Bunch, Judge.

George W. Kelly argued the cause and filed the briefs for appellant.

Nathan J. Ratliff argued the cause for respondent. Also on the brief was Parks & Ratliff, P.C.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

In this probate case, appellant Edward Yasana—one of four siblings who are devisees under a will—seeks reversal of the trial court's decision denying his ORCP 71 C motion to set aside an amended stipulated judgment concerning distribution of property under the will. He filed the motion a year after entry of the original judgment and asserts that the trial court abused its discretion in denying it. He argues that he was not served notice of the settlement or stipulated judgment and therefore could not have filed his motion earlier than he did. Because appellant did not present evidence to contradict the evidence that suggested that the delay was not reasonable, we conclude that the trial court did not abuse its discretion in denying the motion and affirm the judgment.

"We review a court's decision whether to set aside a judgment under ORCP 71 C for abuse of discretion." *Wetzel v. Sandlow*, 318 Or App 608, 615, 509 P3d 182 (2022). "A trial court abuses its discretion when its decision is not within the range of legally permissible choices." *MBNA America Bank v. Garcia*, 227 Or App 202, 207, 205 P3d 53 (2009). Based on those standards, we recount the main background facts, which are undisputed unless noted otherwise.

Respondent Carmen Kaczor, another devisee under the will, originally filed suit to contest the will and ultimately reached a settlement with another devisee, Richard Yasana (Richard),[1] who was also co-personal representative of the estate. Appellant was not physically present during settlement negotiations but was in phone communication with Richard for some portion of those negotiations. A stipulated judgment reflecting the settlement reached during the negotiations was entered three months after the settlement.

Twelve months after entry of the stipulated judgment, appellant filed his motion to set aside the stipulated judgment, as later amended to correct a clerical error. In his motion, he argued that he "was not included" in the original settlement negotiations and did not receive notice

---

[1] We refer to Richard Yasana by his first name given that he shares a last name with appellant.

of the original judgment or amended judgment. The trial court denied appellant's motion after a hearing held several months later, finding in an opinion letter that the original judgment "was in accord with [the settlement] agreement" and, as appellant did not contest, had been amended simply to correct "clerical errors unrelated to the settlement." The court explained that it was not inclined to entertain any of appellant's arguments "some [two] years after the settlement agreement and approximately 20 months after entry of the original stipulated judgment."[2]

Assigning error to that decision, appellant argues that the judgment should have been set aside under ORCP 71 C because he had not received notice of its entry and thus a timely appeal would have been impossible. We are not persuaded.

First, ORCP 71 C "does not limit the inherent power of a court to modify a judgment" but also does not require a court to do so. Moreover, ORCP 71 B requires other motions to set aside a judgment under that portion of the rule to be filed "within a reasonable time * * * not more than one year after receipt of notice by the moving party of the judgment." Appellant has not established that the court's concern regarding the passage of time under the circumstances presented in this case were outside the court's allowable exercise of discretion.

Moreover, the record at least calls into question appellant's assertions that he lacked notice of the settlement or judgment that would justify the year-long delay before filing his motion. The uncontradicted record indicates that appellant was at least aware of the will dispute and spoke with Richard during settlement discussions. No further evidence was presented in the context of appellant's motion to call into question the court's expressed concern about the passage of time. We find no abuse of discretion in the trial court's conclusion that appellant's delay in filing the motion was unreasonable.

Affirmed.

---

[2] The motion hearing was held in June 2020, nearly two years after the settlement was reached in July 2018. The original judgment was entered in October 2018, and appellant did not file his motion until October 2019.