Submitted March 21, reversed and remanded December 29, 2016

Maryann EVANS,
*Plaintiff-Appellant,*

*v.*

CITY OF WARRENTON
and Ralph H. Pickering,
*Defendants,*

*and*

FIDELITY NATIONAL TITLE
INSURANCE COMPANY,
*Defendant-Respondent.*

Clatsop County Circuit Court
14CV01244; A158819

388 P3d 1167

Robert J. Sullivan and Robert J. Sullivan, P.C., filed the briefs for appellant.

Janis G. White and Fidelity National Law Group filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Wollheim, Senior Judge.

**LAGESEN, J.**

Plaintiff appeals a general judgment in favor of defendant Fidelity National Title Insurance Company on plaintiff's claims against defendant for breach of defendant's duty as an escrow agent, and for breach of a title insurance contract between the parties.[1] Plaintiff alleges that, when defendant provided escrow services to plaintiff in connection with a real estate transaction, defendant breached the applicable standard of care by failing to discover and disclose to plaintiff that the City of Warrenton had the right to maintain a waterline across plaintiff's property. Plaintiff also alleges that defendant's handling of other matters related to the city's waterline breached the parties' title insurance contract. The trial court granted summary judgment to defendant on the ground that defendant had established that plaintiff did not own the land on which the city's waterline is located and, for that reason, plaintiff's claims against defendant failed as a matter of law.[2] We conclude that there are factual disputes as to whether plaintiff owns the property on which the waterline is located and, accordingly, reverse.

We review a trial court's grant of summary judgment to determine whether there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. ORCP 47 C. That standard is satisfied

---

[1] Plaintiff also asserted claims against two other parties. Those parties and claims are not at issue on appeal.

[2] Originally, the trial court had granted summary judgment to defendant on a different basis. Plaintiff alleged that there are *two* waterlines across her property and that defendant failed to discover both of them when it prepared the title report for the property. Defendant first moved for summary judgment on the ground that neither waterline had been recorded and, as a result, defendant did not breach the standard of care by failing to discover them, and the title insurance policy did not apply. The trial court granted the motion. Later, plaintiff obtained evidence that one of the waterlines had been recorded, and moved for reconsideration of the trial court's grant of summary judgment with respect to that waterline. At that point, defendant argued that it was entitled to summary judgment as to that waterline, notwithstanding the fact that it was recorded, because plaintiff did not own the property on which that line was located. As noted, the trial court agreed with that argument. On appeal, plaintiff does not challenge the trial court's summary judgment ruling regarding the unrecorded waterline. As a result, our decision on appeal pertains only to the trial court's decision to grant summary judgment to defendant on plaintiff's claims regarding the recorded waterline.

if, viewing the relevant facts and all reasonable inferences in the light most favorable to the nonmoving party—here, plaintiff—"no objectively reasonable juror could return a verdict for [plaintiff] on the matter that is the subject of the motion for summary judgment." *Id.*; *Robinson v. Lamb's Wilsonville Thriftway*, 332 Or 453, 455, 31 P3d 421 (2001).

Consistent with our standard of review, we state the facts in the light most favorable to plaintiff, the nonmoving party. In 2008, plaintiff purchased vacant land in Warrenton, Oregon. The property consists of four parcels, known as Parcels 1 through 4, together with 30 feet of an adjacent abandoned railroad right of way. Before purchasing the land, plaintiff walked the property with the seller, who showed her that it included 30 feet of the abandoned railroad right of way located along the western boundary of two of the parcels.

Defendant prepared the preliminary title report for the transaction. That title report described the property as consisting of Parcels 1 through 4, "TOGETHER WITH: The East 30 feet of the abandoned railroad right of way that abuts the West line of Parcels One and Three." The title report did not disclose that the city's waterline was located on the abandoned railroad right of way.

Defendant later prepared the deed for the property. As did the preliminary title report, the deed reflects that the property conveyed to plaintiff consists of Parcels 1 through 4, and a portion of the abandoned railroad right of way. However, the deed describes the location of the abandoned railroad right of way differently from the preliminary title report. The reference to "Parcels One and Three" has been crossed off, and a reference to "Two and Five" typed into its place: "TOGETHER WITH: The East 30 feet of the abandoned railroad right of way that abuts the West line of Parcels XXXXXXXXXXXXX Two and Five." The record does not disclose the reason for the change. It is undisputed that plaintiff's property does not contain a Parcel 5, and that there is no abandoned railroad right of way abutting the western boundary of Parcel 2.

Sometime after purchasing the property, plaintiff discovered that the city had an "18 inch ductile iron water

line running north and south \*\*\* within the abandoned railroad right of way within a couple of feet" of the western boundary of plaintiff's other parcels. Plaintiff walked the property with the city's public works foreman, who showed her where the waterline was located—on the abandoned railroad right of way abutting Parcels 1 and 3, within 30 feet of the western boundaries of those parcels.

Plaintiff subsequently sued defendant in connection with its failure to discover and disclose the waterline located on the abandoned railroad right of way. As noted, the trial court granted summary judgment to defendant based upon its determination that it was undisputed that plaintiff did not own the property on which the waterline was located, given the deed's description of the property conveyed to plaintiff from Pickering. The court concluded that, because plaintiff did not own the property, her claims against defendant failed as a matter of law under our decision in *Kraft v. Estate of John Ronald Cooper, Sr.*, 263 Or App 420, 330 P3d 639 (2014). Plaintiff appeals. She contends that the trial court erred in granting summary judgment to defendant, because the evidence in the record would permit a finding that she does own the property on which the waterline is located.

Plaintiff is correct. Here, the deed conveying the property to plaintiff is ambiguous as to the precise location of the "East 30 feet of the abandoned railroad right of way" that it conveyed to plaintiff. The deed describes the portion of the railroad right of way that plaintiff owns as being adjacent to Parcels 2 and 5, but it is undisputed both that plaintiff's property contains no Parcel 5, and that there is no abandoned railroad right of way adjacent to the western boundary of Parcel 2, which makes the deed ambiguous as to where plaintiff's portion of the abandoned railroad right of way is located. Given that ambiguity, the location of the portion of the abandoned railroad right of way conveyed to plaintiff is a question of fact. *Yale Holdings, LLC v. Capital One Bank*, 263 Or App 71, 76-77, 326 P3d 1259 (2014) (ordinarily, the meaning of an ambiguous provision of a deed is a question of fact for the factfinder). The evidence presented by plaintiff in opposition to defendant's motion for summary judgment—namely, the preliminary title report prepared by

defendant and plaintiff's declaration—would permit a fact-finder to find in plaintiff's favor that the portion of the abandoned railroad right of way conveyed to plaintiff was that 30-foot portion abutting the western boundary of Parcels 1 and 3, and to find further that the city's waterline was located on that property. After all, on this record, it appears that the abandoned railroad right of way bordering Parcels 1 and 3 is the only abandoned railroad right of way in the vicinity of plaintiff's property.

Our decision in *Kraft*, on which the trial court relied, is not to the contrary. There, we concluded that the defendant was entitled to summary judgment on claims similar to plaintiff's because, in that case, the plaintiffs' deed unambiguously did not convey to them the particular property at issue. *Kraft*, 263 Or App at 425-26. Here, by contrast, the deed is ambiguous as to what property it conveys and the extrinsic evidence submitted by plaintiff in opposition to summary judgment would permit a factual finding that plaintiff does in fact own the property on which the city's waterline is located. The trial court therefore erred by granting summary judgment to defendant.

One more issue requires our attention. After the trial court granted summary judgment to defendant, plaintiff requested leave to file an amended complaint asserting claims against defendant based on its alleged failure to prepare a deed containing the correct legal description of the property conveyed to plaintiff. Defendant opposed the motion primarily on the ground that it was too late, in view of the fact that the court had already granted summary judgment in favor of defendant. Now that we have reversed the grant of summary judgment to defendant as to plaintiff's claims regarding the city's waterline located on the abandoned railroad right of way, the trial court should reconsider whether to grant plaintiff leave to amend in view of that change in procedural posture.

Reversed and remanded.