LAGESEN, J.
*382 *23 This case was about a number of things when it began but, at this point, it is about a television (TV). Plaintiff, who is incarcerated, obtained a small claims judgment against the state. That judgment-the parties appear to agree-required it to provide him with a new TV "with cables and accessories including box." Although the state gave plaintiff a TV with a box and accessories, the parties dispute whether that TV was new. Plaintiff contends that the TV provided to him was not new but, instead, was banged up and without all of its proper accessories. The state contends that the TV that it supplied to plaintiff was brand new from the manufacturer. Rather than resolving that dispute, the trial court granted summary judgment to the state on the ground that plaintiff's claim was barred as a matter of law because plaintiff signed a satisfaction when he received the TV, even though the state had not moved for summary judgment on that basis. Because it was error for the trial court to grant summary judgment on a ground not raised in the state's motion, Eklof v. Steward , 360 Or. 717, 736, 385 P.3d 1074 (2016), and because plaintiff's evidence is sufficient to establish a factual dispute as to whether the TV provided to him was new, as required by the small claims judgment, we reverse the judgment insofar as it dismissed plaintiff's claim about the TV.[1]
We review the trial court's grant of summary judgment for legal error, "to determine whether there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Evans v. City of Warrenton , 283 Or. App. 256, 258, 388 P.3d 1167 (2016) ; ORCP 47. Under ORCP 47, "the party opposing summary judgment has the burden of producing evidence on any issue 'raised in the motion ' as to which [that party] would have the burden of persuasion at trial."
*24 Two Two v. Fujitec America, Inc. , 355 Or. 319, 324, 325 P.3d 707 (2014) (emphasis added). If, on an issue as to which the nonmoving party would have the burden of persuasion at trial, the evidence contained in the summary judgment record, when viewed in the light most favorable to the nonmoving party, would permit an objectively reasonable juror to find in the nonmoving party's favor on the issue in question, then summary judgment is not permissible. ORCP 47. Further, it is improper for a trial court to grant summary judgment on an issue that is not raised in the moving party's motion. Eklof , 360 Or. at 736, 385 P.3d 1074 ; Two Two , 355 Or. at 325-26, 325 P.3d 707.
We consider this appeal in view of those standards. At its core, this is an action to enforce the prior small claims judgment obligating the state to supply plaintiff with a new TV. See State ex rel. English v. Multnomah County , 348 Or. 417, 432, 238 P.3d 980 (2010) (party to a judgment may bring an action to enforce the judgment). As noted, the parties appear to agree that the judgment required the state to provide plaintiff with a new 13-inch TV, along "with cables and accessories including box." Several months after the judgment was entered, the state supplied plaintiff with a TV that was "new to [him]," and plaintiff signed an "acknowledgment" that he had received that TV in satisfaction of the small claims judgment. However, according to plaintiff, when he removed the TV from its packaging upon returning to his cell, he discovered that the TV was not new and did not have all of its accessories. Thus, plaintiff alleges, the state has not complied with its obligation to provide him with a new 13-inch TV.
*383 The state moved for summary judgment on the ground that plaintiff would not be able to demonstrate that it had failed to comply with the terms of the small claims judgment. In full, the state's motion asserted:
"This action stems from a prior small claim where [plaintiff] obtained both monetary and non-monetary relief from the State of Oregon. [Plaintiff] now seeks enforcement of unspecified provisions of that contract, and he raises various tort claims against multiple state actors. Defendants are entitled to summary judgment on [plaintiff's] claims. The only possible cause of action in this proceeding is an action against the State of Oregon for failure to comply with *25 the prior small claim judgment. And because the State of Oregon has complied with terms of that judgment, [plaintiff] cannot demonstrate an issue of fact as to whether he is entitled to additional relief. Accordingly, this Court should grant summary judgment in favor of defendants."
Addressing plaintiff's claim regarding the TV, the state argued in its supporting memorandum that plaintiff would be unable to demonstrate that the state did not provide him with a new TV:
"[Plaintiff] received a new television and accessories on May 1, 2014. [Plaintiff] signed an acceptance, and the State of Oregon provided photos of the television. He therefore cannot demonstrate that the State of Oregon failed to provide him with a television."
(Internal citations omitted.)
In response, plaintiff asserted that there was a genuine issue of material fact as to whether the TV that the state had provided to him was a new TV, as required by the small claims judgment. Plaintiff submitted a declaration describing the condition of the TV that he received, explaining that the TV (1) was missing four screws; (2) was missing the protective cover on the screen; (3) "had a big dent in the screen"; (4) did not come with the earbuds that the manual reflected would be contained in the package with the TV; and (5) came with a different power cord than what was depicted in the manual. Plaintiff attached to his declaration the portion of the TV's manual identifying the accessories that should have been included with the TV, as well as photographs showing the TV and accessories provided to him. Plaintiff explained in his declaration that he signed the acknowledgment that he had received the TV in satisfaction of the judgment based on representations that the TV was new, but he did not find out until he was back in his cell that it was not new:
"[P]laintiff was tricked and believed it was new until he took it back to his cell and takes it out of the box and see no screen protector and a dent/scratc[h] in the scree[n] and missing parts and is documented in these exhibits by [DOC] staff as it was just dropped off and I was told to sign that I got it and paperwork says it [is] new[;] *** all [of] it *26 was new to me but it was not brand new as it should have been."
In reply, the state acknowledged the evidence submitted by plaintiff in support of his claim that the TV was not new. To counter that evidence, the state submitted a declaration from the corrections officer who issued the TV to plaintiff. He averred that plaintiff's representations about the condition of the TV were "entirely false." He stated that no screws were missing, and that the purported screw holes that plaintiff had identified in a photograph on the TV were not screw holes at all but, instead, were "white plastic forms" designed by the manufacturer to hold the TV frame together. The officer further stated that the screen protector was on the screen when it was issued to plaintiff, that "there was no damage to the screen," and that the TV "was not used and was received new from the manufacturer." He also noted that plaintiff's inmate identification number was "sketched" into the TV and that no other inmate's identification number was "sketched" into the TV, opining that that fact supported the inference that the TV was new because, "[i]f the television had been used, there would be another inmate SID number sketched on it and crossed off when [plaintiff's] SID number was added."[2] The state *384 argued that plaintiff's "allegations about his television are not sufficient to withstand summary judgment because they are conclusory allegations unsupported by facts in the record-which include full color photographs of the television and accessories that [plaintiff] received, as well as [plaintiff's] signed acknowledgement." Further, the state asserted, the corrections officer's declaration "confirmed that [plaintiff's] statement is patently false." For those reasons, the state urged the trial court to grant summary judgment on plaintiff's claim about the TV.
The trial court ruled that the state was entitled to summary judgment on the TV claim, but not for the reason advocated by the state in its motion. Instead, the court ruled that plaintiff's signed acknowledgement that he had received the TV in satisfaction of the judgment barred him *27 from claiming that the state had not complied with its obligations under the small claims judgment:
"Plaintiff signed a satisfaction to the claim on May 1, 2014. Plaintiff now claims that what he signed for was not sufficient. When a debtor tenders payment on a condition that the payment discharge a debt, acceptance of that payment by a creditor satisfies the debt. Fielder [Fiedler] v. Bowler , 117 Or. App. 162, 165[, 843 P.2d 961] (1992)."
It thereafter entered a general judgment dismissing all of plaintiff's claims, including his claim about the TV. Plaintiff appeals.
On appeal, plaintiff contends that he submitted evidence that would permit a reasonable juror to find that he received an old TV and not a new one and that, therefore, the state has not complied with its obligation to provide him with a new TV, and that the satisfaction does not bar his claim. The state responds that "[t]he trial court correctly granted the state's motion for summary judgment because plaintiff failed to proffer any admissible evidence showing a genuine issue of material fact." (Emphasis in original.) In a footnote, the state defends the trial court's stated rationale for its ruling, arguing that "[t]he trial court also correctly concluded that the state was entitled to summary judgment as a matter of law because plaintiff signed a satisfaction of his claim against the state on May 1, 2014, when he received the television."
The trial court's grant of summary judgment cannot be sustained based on the court's articulated rationale. Although the state mentioned the satisfaction in its memorandum in support of summary judgment, the state did not move for summary judgment on the ground that plaintiff's signed satisfaction barred his TV claim as a matter of law. As a result, the evidence bearing on the validity of the satisfaction has not been adequately developed by either party, and plaintiff was deprived of the opportunity to respond fully on the point of whether the satisfaction precludes him from obtaining relief on his TV claim. For that reason, under Eklof and Two Two , it was improper for the trial court to grant summary judgment on the basis of the satisfaction. Eklof , 360 Or. at 736, 385 P.3d 1074 ; Two Two , 355 Or. at 326, 325 P.3d 707.
*28 The grant of summary judgment also cannot be sustained on the ground that plaintiff failed to produce evidence sufficient to create a genuine issue of material fact. This case is a good example of one that is not susceptible to resolution by summary judgment. That is because it ultimately boils down to a credibility contest as to who is telling the truth about the condition of the TV provided to plaintiff. Although the state is correct that some of the evidence that plaintiff submitted would not be admissible, the state overlooks statements in plaintiff's declaration, which, on their own, would be sufficient to permit a reasonable juror to find in plaintiff's favor on his TV claim. Plaintiff's testimony about the damaged condition of the TV when he first examined it in his cell, together with the evidence about the discrepancies between the accessories he was supplied and those depicted in the TV manual, would permit a rational inference that plaintiff was not given a brand new TV. The state's competing evidence would permit a *385 contrary finding. Resolution of that dispute is a job for the factfinder.
Dismissal of claim for enforcement of small claims judgment reversed and remanded; otherwise affirmed.

Plaintiff raises several other assignments of error on appeal. The first three assignments of error challenge procedural rulings by the trial court prior to the grant of summary judgment. We reject those assignments of error without further written discussion. The remaining assignments of error challenge post-judgment rulings by the court primarily rejecting plaintiff's attempts to convince the court to reconsider its grant of summary judgment. Our conclusion that the court erred in granting summary judgment to the state on plaintiff's TV claim obviates the need to consider those assignments of error.

In his declaration, the officer did not address plaintiff's statement that he was not provided with the earbuds that came with the TV according to the manual, or his statement that the power supply cord provided with the TV was not the one represented in the manual.