Argued and submitted November 19, reversed and remanded
December 11, 2019

L. L.,
a Minor Child,
by and through Tim Nay,
guardian *ad litem* of L. L.,
*Plaintiff-Appellant,*

*v.*

STATE OF OREGON,
by and through its
Department of Human Services,
*Defendant-Respondent,*

*and*

FIRST STUDENT INC.,
a foreign business corporation,
and Gresham Barlow School District,
*Defendants.*

Multnomah County Circuit Court
16CV30046; A168245

455 P3d 605

Plaintiff is the guardian *ad litem* of a minor who was sexually abused by another minor in foster care. Plaintiff sued the state by and through the Department of Human Services (DHS), bringing claims for strict liability under ORS 30.297 and abuse of a vulnerable person under ORS 124.100. The trial court granted summary judgment to the state on both of those claims. It concluded that ORS 30.297 only allowed for claims brought by foster parents, and that plaintiff did not offer evidence showing that DHS "permitted" the abuse, as required by ORS 124.100. On plaintiff's appeal, DHS concedes that the grant of summary judgment on the strict liability claim should be reversed but contends that the trial court properly granted summary judgment on the abuse of a vulnerable person claim based on plaintiff's failure to produce evidence showing that DHS "permitted" the abuse. *Held*: As DHS concedes, ORS 30.297 does not apply only to claims brought by foster parents and, for that reason, the grant of summary judgment on the strict liability claim was erroneous. As for plaintiff's abuse of a vulnerable person claim, DHS did not adequately raise in its motion for summary judgment the issue of whether plaintiff could produce sufficient evidence to show that DHS "permitted" the abuse. Accordingly, the trial court erred in granting summary judgment on that claim.

Reversed and remanded.

Eric L. Dahlin, Judge.

Erin K. Olson argued the cause for appellant. Also on the briefs was Law Office of Erin Olson, P.C.

Robert M. Wilsey, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and Powers, Judge, and Sercombe, Senior Judge.

LAGESEN, P. J.

Reversed and remanded.

**LAGESEN, P. J.**

While on a school bus, T, a minor child in foster care, exposed himself to L, another minor child in foster care. According to L, T also subjected her to other sexual contact. Plaintiff—L's guardian *ad litem*—sued the state by and through the Department of Human Services (DHS) (among others), alleging claims for strict liability under ORS 30.297, negligence, and abuse of a vulnerable person under ORS 124.100. The trial court granted summary judgment to the state on the claims under ORS 30.297 and ORS 124.100 and, after plaintiff voluntarily dismissed the negligence claim under ORCP 54 (A)(2), entered a limited judgment dismissing all claims against the state. We reverse and remand, in large part because DHS has, for the most part, withdrawn the arguments in support of summary judgment that it presented to the trial court.

We review the trial court's grant of summary judgment for legal error "to determine whether there is no genuine issue of material fact and [whether] the moving party is entitled to judgment as a matter of law." *Evans v. City of Warrenton*, 283 Or App 256, 258, 388 P3d 1167 (2016); ORCP 47 C. In so doing, we view the facts in the light most favorable to the nonmoving party, in this case, plaintiff. *Woodroffe v. State of Oregon*, 292 Or App 21, 24, 422 P3d 381 (2018).

Although DHS disputes some of the substantive facts, in accordance with our standard of review, we state them in the light most favorable to plaintiff. Viewed in that light, T, a foster child, exposed his penis to L, touched her vagina, and coerced her into touching his penis. L is also a foster child and is developmentally disabled. The contact with T caused L to suffer a range of noneconomic damages.

The procedural facts are not disputed and are the facts most pertinent to the issues on appeal. Plaintiff sued DHS, among others, for T's conduct. Plaintiff alleged three claims against DHS. In the first, plaintiff alleged that T's conduct constituted an intentional tort of a foster child, for which DHS was liable under ORS 30.297. In the second, plaintiff alleged that the abuse of L was the product of DHS's negligence. In the third, plaintiff alleged that the abuse of

L was the abuse of a vulnerable person for which DHS was liable under ORS 124.100 because it had "permitted" that abuse.

DHS moved for summary judgment on all three claims, although it later withdrew is motion on the negligence claim. DHS's asserted ground for summary judgment on the first claim was that ORS 30.297 only provided for claims *by foster parents* and did not authorize claims against DHS for the intentional torts of foster children by persons other than foster parents. DHS's asserted ground for summary judgment on the ORS 124.100 claim was as follows:

> "DHS is entitled to summary judgment on Plaintiff's Third Claim for Relief ('Abuse of a Vulnerable Person—ORS 124.100') because such claims can only be brought against the person actually committing or allowing the physical or financial abuse (no general vicarious liability), and because punitive damages such as treble damages cannot be awarded against the State of Oregon."

In its memorandum supporting the motion, DHS characterized its motions as to the first and third claims as presenting "straight-forward issues of statutory construction." Addressing the first claim, DHS argued that ORS 30.297, when correctly construed, provides a claim "to foster parents for intentional torts of foster children against the foster parents while in their care—balancing the cost of such coverage with the need to attract and retain foster parents." (Underscoring in original.) Addressing the third claim, DHS argued that, correctly construed, ORS 124.100 did not allow for claims against the state or its agencies but, instead, provided solely for claims against individual human beings. DHS argued further that the statute did not allow for general vicarious liability, meaning that DHS could not be vicariously liable for T's conduct. Finally, DHS contended that ORS 124.100 did not authorize a claim against the state because, in DHS's view, the statute authorized punitive damages and punitive damages cannot be awarded against the state or its agencies.

The trial court granted the motion. As to the first claim, the court agreed with DHS that ORS 30.297 only authorizes claims against DHS brought by foster parents,

and not by other persons harmed by the intentional torts of a foster child. As to the ORS 124.100 claim, the court ruled that summary judgment was proper because plaintiff failed to come forward with sufficient evidence to support a finding that DHS "permitted" the abuse of L, so as to render it liable under ORS 124.100.

Plaintiff appealed. On appeal, he contends that the trial court's grant of summary judgment on the ORS 30.297 claim was erroneous because, contrary to the court's conclusion, nothing in the text, context, or legislative history of ORS 30.297 suggests that that provision is limited to claims brought by foster parents. As to the ORS 124.100 claim, he contends that the grant of summary judgment was erroneous because DHS's motion did not put at issue whether plaintiff would be able to come forward with sufficient evidence to prove that DHS "permitted" L's abuse within the meaning of ORS 124.100.

In response, changing course from the positions it took below, DHS concedes that the grant of summary judgment on the ORS 30.297 claim should be reversed and has informed us that it is withdrawing the interpretation of the statute that it advanced below (although DHS insists that that abandoned construction was a colorable one). As for the ORS 124.100 claim, DHS has abandoned the arguments it made in support of its motion below,[1] and argues simply that its motion put plaintiff on notice of the need to come forward with evidence that DHS "permitted" L's abuse within the meaning of ORS 124.100, making the grant of summary judgment on that claim proper.

Starting with the ORS 30.297 claim, we agree with the parties that the grant of summary judgment must be reversed. As relevant to this case, the plain terms of ORS 30.297(1) make DHS "liable for damages resulting from the intentional torts of a foster child" residing in a foster home. Nothing in the text, context, or legislative history of the statute suggests that the legislature intended that the statute would apply solely to claims brought by foster parents

---

[1] In its brief on appeal, DHS initially defended the grant of summary judgment on an alternative ground raised for the first time on appeal, but it withdrew that argument shortly before oral argument.

for damages caused by the intentional torts of a foster child in their care. In particular, nothing in the terms of the statute indicates that the legislature intended to circumscribe the class of plaintiffs protected by the statute. Had the legislature intended to impose that limitation, it would have said so expressly, and, as all parties now seem to recognize, we may not rewrite the statute to include a limitation that the legislature itself did not include. ORS 174.010; *Burley v. Clackamas County*, 298 Or App 462, 466, 446 P3d 564 (2019).

That leaves the ORS 124.100 claim. That statute authorizes a civil action against a person "who has permitted another person to engage in physical or financial abuse" against a vulnerable person. ORS 124.100(2). As noted, the trial court granted summary judgment on that claim based on plaintiff's failure to come forward with evidence that would permit a finding that DHS "permitted" T's abuse of L. The question for us is whether DHS's motion put at issue the sufficiency of the evidence to support a finding that DHS permitted the abuse within the meaning of the statute. If the motion did not, then it was improper for the court to grant summary judgment on that basis. *Woodroffe*, 292 Or App at 24 ("Further, it is improper for a trial court to grant summary judgment on an issue that is not raised in the moving party's motion.").

DHS contends that, in moving for summary judgment on the ground that an ORS 124.100 claim "can only be brought against the person actually committing or allowing the physical or financial abuse (no general vicarious liability)," it put at issue plaintiff's ability to prove that DHS "permitted" the abuse of L. We disagree. For one, the phrasing of the motion suggested that DHS was seeking a ruling on principles of vicarious liability, and not on the issue of whether plaintiff could come forward with evidence that would allow for a finding that DHS permitted the abuse to occur. But even if the motion could potentially be read to raise the issue, DHS's memorandum in support of the motion precludes that reading. Its memorandum characterized the issue as one of pure statutory construction and did not in any clear way argue that DHS was seeking to test the sufficiency of plaintiff's evidence on the point of whether

DHS permitted the abuse. Although we acknowledge certain sentences in DHS's arguments, when taken out of context, might suggest that DHS was asking plaintiff to come forward with evidence, when those statements are viewed in context, we cannot conclude that they signaled to plaintiff that DHS was raising the issue of the sufficiency of the evidence on the point of whether DHS permitted T's abuse of L to occur. Accordingly, the grant of summary judgment on the ORS 124.100 claim also was erroneous.

Reversed and remanded.