Submitted November 30, 2021, affirmed January 5, petition for review denied July 28, 2022 (370 Or 199)

JOHNATHAN FUNKHOUSER,
*Petitioner-Appellant,*

*v.*

Doug SMITH,
Superintendent,
Eastern Oregon Youth Correctional Facility,
*Defendant-Respondent.*

Marion County Circuit Court
19CV31001; A174085

502 P3d 1197

Claudia M. Burton, Judge.

Jedediah Peterson filed the brief for appellant. Also on the brief was O'Connor Weber LLC.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondent.

Before Kamins, Presiding Judge, and Lagesen, Chief Judge, and Landau, Senior Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Petitioner appeals a judgment dismissing his petition for post-conviction relief as untimely following the post-conviction court's grant of summary judgment to the superintendent. It is undisputed the petition was not timely filed. Petitioner nonetheless contends that the trial court erred when it determined that he had not submitted sufficient evidence to give rise to a dispute of fact as to whether his untimely filing was salvaged by the escape clause of ORS 138.510(3). We affirm.

ORS 138.510 allows for the filing of an untimely post-conviction petition if the grounds asserted "could not reasonably have been raised" within the applicable limitations period. ORS 138.510(3). Within the context of this case, a ground "could not reasonably have been raised" timely for purposes of ORS 138.510(3) if the ground (1) was not known within the limitations period; and (2) was not reasonably available to be known within the limitations period. *Gutale v. State of Oregon*, 364 Or 502, 509, 435 P3d 728 (2019). The statute places the burden on a post-conviction petitioner to demonstrate that the escape clause applies to an otherwise untimely filing. *Hernandez-Zurita v. State of Oregon*, 290 Or App 621, 633-34, 417 P3d 548 (2018), *vac'd and rem'd*, 365 Or 194, 451 P3d 236 (2019). Because of the placement of the burden, to withstand the superintendent's motion for summary judgment, petitioner had to come forward with evidence that, viewed in his favor, would permit a reasonable factfinder to find that petitioner's grounds could not reasonably have been raised within the limitations period. ORCP 47 C; *Two Two v. Fujitec America, Inc.*, 355 Or 319, 324, 325 P3d 707 (2014); *Woodroffe v. State of Oregon*, 292 Or App 21, 24, 422 P3d 381 (2018) (stating summary judgment standard).

Here, although petitioner filed a response to the superintendent's motion for summary judgment, he did not submit any evidence in opposition to it to address the applicability of the escape clause. Petitioner acknowledges that fact on appeal, but points us to petitioner's original *pro se* petition, which petitioner signed under penalty of perjury. He argues that two sworn allegations are sufficient to allow

a finding that the grounds for relief in his petition could not reasonably have been raised timely.

We disagree. As for his first asserted ground for relief in the amended petition filed by counsel—that trial counsel pressured him into entering a guilty plea—petitioner alleges no facts that would allow the finding that the ground was not known, and was not reasonably available to petitioner.

As for the second ground for relief—that trial counsel unreasonably failed "to investigate or find information as to the true identity of the alleged perpetrator," petitioner argues that two sworn allegations in the *pro se* petition for relief would allow a finding that the ground falls within the escape clause: (1) that petitioner had "new evidence of actual innocence" and (2) that "[i]n the last two months I learned of [the] true perpetrator who has recently been arrested; he is the father of the victim." The difficulty for petitioner is that those allegations do not engage with the escape clause standard; in particular, the allegations do not address why the information about the alternative perpetrator was not reasonably available earlier, such that petitioner could have pursued his claim within the limitations period. As a result, they would not allow a reasonable factfinder to make a non-speculative inference that the standard is met. In particular, because they do not address the point, they do not allow for a nonspeculative inference that petitioner did not know about counsel's allegedly deficient investigation within the limitations period, or that the information about the scope of trial counsel's investigation of other suspects is something that was not reasonably available to him during the limitations period.

That the allegations in the *pro se* petition do not address the escape clause standard with respect to the ineffective assistance of counsel claim makes some sense in the procedural context of the case. The *pro se* petition did not assert that trial counsel was inadequate or ineffective for not investigating the victim's father as an alternative suspect, so the application of the escape clause to that ground for relief was not at issue. Rather, petitioner alleged a freestanding claim of innocence in the *pro se* petition: that he

had new evidence of innocence and wanted an opportunity to prove it.

On appeal, petitioner does not appear to pursue his freestanding claim. Nevertheless, covering the bases, we assume without deciding a freestanding claim of actual innocence is legally-cognizable, *see generally Reeves v. Nooth*, 294 Or App 711, 432 P3d 1105 (2018), *rev den*, 364 Or 680 (2019), and that petitioner has not abandoned that claim. Petitioner's allegations still remain insufficient to allow an inference that the actual innocence claim was not reasonably available to petitioner within the limitations period. That petitioner's alternative suspect had been arrested shortly before he filed the petition does not make it inferable that evidence of that suspect's guilt was not reasonably available at an earlier time. In fact, as the superintendent observes, the predicate of petitioner's claim of inadequate and ineffective assistance of counsel is that trial counsel was unreasonable for not unearthing the information about the alternative suspect at the time of petitioner's claim, a theory that appears incompatible—at least superficially—with the notion that the information underlying petitioner's claim of actual innocence was not reasonably available during the limitations period.

Affirmed.