Submitted December 23, 2019; reversed and remanded on second claim for relief, otherwise affirmed January 15, 2020

MICHAEL WILSON YANN,
*Petitioner-Appellant,*

*v.*

Troy BOWSER,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
16CV28334; A168272

459 P3d 272

Petitioner was convicted of attempted aggravated murder and unlawful use of a weapon (two counts each) for shooting at two police officers while intoxicated. His defense theory at trial, that he was too intoxicated to form criminal intent, was undercut when his expert witness admitted that the analysis of petitioner's intoxication level assumed that petitioner consumed no alcohol after the shooting. In his second claim for relief in this post-conviction proceeding, petitioner alleges that trial counsel was ineffective for not calling his wife to testify that petitioner had not consumed alcohol after the time of the shooting. The superintendent moved for summary judgment on that claim on the ground that petitioner would not be able to come forward with admissible evidence on that point, and that any evidence brought by petitioner would be cumulative because other witnesses testified that petitioner was intoxicated when he shot at the officers. Petitioner responded by submitting an affidavit from his wife, explaining that she could have testified that petitioner did not drink alcohol after his encounter with the police. The post-conviction court granted the superintendent's motion nonetheless, concluding that petitioner had not supported the claim with relevant, admissible evidence and that, to the extent that he had, the evidence was cumulative. Petitioner appeals, assigning error to the court's grant of the motion and arguing that the affidavit is relevant, admissible, and noncumulative evidence. *Held*: The post-conviction court erred in granting the superintendent's motion for summary judgment because petitioner's affidavit was relevant, admissible, and not cumulative.

Reversed and remanded on second claim for relief; otherwise affirmed.

J. Burdette Pratt, Senior Judge.

Lindsey Burrows and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Powers, Judge, and Brewer, Senior Judge.

LAGESEN, P. J.

Reversed and remanded on second claim for relief; otherwise affirmed.

**LAGESEN, P. J.**

Petitioner appeals a judgment denying his petition for post-conviction relief, assigning error to the post-conviction court's grant of summary judgment to the superintendent on petitioner's second claim for relief. We conclude that the court's grant of summary judgment was erroneous and reverse the judgment as to the second claim for relief.

We review the trial court's grant of summary judgment for legal error "to determine whether there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Evans v. City of Warrenton*, 283 Or App 256, 258, 388 P3d 1167 (2016); ORCP 47 C. In so doing, we view the facts in the light most favorable to the nonmoving party, in this case, petitioner. *Woodroffe v. State of Oregon*, 292 Or App 21, 24, 422 P3d 381 (2018).

While intoxicated, petitioner shot at two police officers. He then barricaded himself in his house for several hours before surrendering to police. For that conduct, he was charged with, and convicted of, two counts of attempted aggravated murder and two counts of unlawful use of a weapon. At trial, petitioner's defense was that he was so intoxicated that he was not capable of forming criminal intent with respect to any of the charges against him. In support of that defense, petitioner called an expert, Dr. Julien. Julien opined, based on a retrograde extrapolation analysis of petitioner's blood alcohol content (BAC) following arrest, that petitioner's BAC at the time of the shooting was around .25 percent. Julien opined further that petitioner was suffering from alcohol dementia, impairing his ability to form intent. On cross-examination of Julien, the prosecutor impeached him by eliciting the fact that his BAC analysis was predicated on the assumption that petitioner had not consumed any more alcohol during the time in which he was barricaded in his home following the shooting.

Following an unsuccessful appeal, petitioner initiated this post-conviction proceeding. Pertinent to the issue before us, petitioner alleged in his second claim for relief that trial counsel was inadequate and ineffective, in violation of Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution, for

not eliciting from his wife testimony to support a finding that petitioner did not drink during the time he was barricaded in his house. Such testimony, petitioner alleged, would have undercut the prosecution's impeachment of Julien.

After unsuccessfully moving to dismiss, the superintendent moved for partial summary judgment, asserting that summary judgment was warranted on the second claim for relief for two different reasons. First, incorporating by reference arguments made in the motion to dismiss, the superintendent argued that petitioner's second ground for relief was "moot" because there was other evidence introduced at trial showing that petitioner was very intoxicated at the time of the shooting. Second, the superintendent argued that summary judgment would be required if petitioner failed to produce an affidavit from his wife to support the claim. Noting that, up to that point, petitioner had supported his claim with his own sworn testimony, the superintendent argued that ORCP 47 required him to submit that testimony from his wife rather than from himself: "Accordingly, to overcome summary judgment, petitioner must attach the sworn testimony of his wife (Claim II) *** in order to meet the admissible evidence requirement of ORCP 47D."

In response to the superintendent's motion, petitioner submitted an affidavit from his wife. In it, she explained that she would have been able to testify at trial, based on her knowledge of the alcohol that she and petitioner had in their home both before and after the incident, that "it did not appear [petitioner] had consumed further alcohol in our home after he returned." She further averred that she had told counsel that she would be able to testify in that manner.

The post-conviction court granted the superintendent's motion, ruling that "[p]etitioner has failed to support claim II with any relevant and admissible evidence, and such proposed evidence itself would be cumulative since the same evidence came in through scientific and other witnesses." Following a trial on the claims for relief not resolved by summary judgment, the post-conviction court entered a judgment denying relief. Petitioner appealed. On appeal,

petitioner contends that the post-conviction court erred in granting summary judgment on the second ground for relief. The superintendent contends otherwise.

Petitioner is correct that on this record the superintendent was not entitled to summary judgment on the grounds on which it was sought.

First, to the extent the superintendent sought summary judgment on the ground that petitioner would not be able to produce an affidavit from his wife, petitioner did exactly that. Perhaps more importantly, that affidavit demonstrates that, had petitioner's wife been asked about the alcohol in the couple's household, she could have testified, based on her personal knowledge of the alcohol supply, that it did not appear that petitioner had consumed any while barricaded in the house—testimony that could have undercut the state's impeachment of Julien, as petitioner alleges. In other words, petitioner came forward with evidence that was relevant and admissible with respect to the second claim for relief.

Second, as for the superintendent's other stated basis for summary judgment—that the claim was "moot" because other evidence of defendant's intoxication was presented at trial, making defendant's wife's testimony cumulative—it is not entirely clear why that would be a basis for summary judgment. That argument does not engage with the elements of an ineffective-assistance-of-counsel claim at all, leaving us at somewhat of a loss as to how the argument is germane to whether summary judgment is warranted. Regardless, the testimony that petitioner claims trial counsel should have elicited from his wife about whether the household alcohol supply diminished while petitioner was barricaded in the house was not cumulative of the other evidence presented at trial. More to the point, the evidence would have served a purpose not served by the other evidence at trial: undermining the state's impeachment of Julien. The post-conviction court erred in concluding otherwise that the evidence was cumulative.

The superintendent argues that we should affirm the grant of summary judgment nonetheless. He does so by recasting the legal issue presented as "whether petitioner,

in response to the superintendent's motion for summary judgment on his second claim for relief, sufficiently established that *if* his trial counsel failed to provide constitutionally adequate assistance in the respect alleged he, in fact, suffered prejudice as a result that would warrant granting him post-conviction relief." (Emphasis in original.) But the superintendent's motion did not put at issue in any clear way the sufficiency of the evidence showing prejudice. As a result, the superintendent's argument on appeal about prejudice does not supply a basis for affirming the grant of summary judgment. *Eklof v. Steward*, 360 Or 717, 736, 385 P3d 1074 (2016).

Reversed and remanded on second claim for relief; otherwise affirmed.