***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted March 10, reversed and remanded April 19, 2023

LUCIAN MOON PATCHELL,
*Petitioner-Appellant,*

*v.*

STATE OF OREGON,
*Defendant-Respondent.*

Josephine County Circuit Court
20CV34301; A175815

Matthew G. Galli, Judge.

Jason Weber and O'Connor Weber LLC filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jordan R. Silk, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Kamins, Judge, and Armstrong, Senior Judge.

LAGESEN, C. J.

Reversed and remanded.

**LAGESEN, C. J.**

Petitioner appeals a judgment denying his petition for post-conviction relief from his 2006 conviction for unauthorized use of a vehicle. As we elaborate below, he alleges that *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), renders his conviction unconstitutional in two different ways. The state moved for summary judgment solely on the basis that *Ramos* did not apply retroactively in post-conviction proceedings, and the post-conviction court granted the motion, adding that the court also concluded that petitioner's claims failed on the merits. Reviewing for legal error, *Yann v. Bowser*, 301 Or App 720, 722, 459 P3d 272 (2020), we reverse and remand.

In 2006, petitioner was convicted, pursuant to a plea, of one count of unauthorized use of a vehicle. After the United States Supreme Court decided *Ramos*, petitioner filed this petition for post-conviction relief. He alleged two different grounds for relief: (1) that his trial counsel rendered constitutionally inadequate and ineffective assistance of counsel, in violation of Article I, section 11, of the Oregon Constitution and the Sixth and Fourteenth Amendments to the United States Constitution, in advising him "about a plea based on the fear of a non-unanimous jury verdict"; and (2) that his plea was not constitutionally valid, in violation of the Sixth and Fourteenth Amendments, because it was induced by fear of a conviction by a nonunanimous verdict.

The state moved for summary judgment on a single, legal ground: that *Ramos* does not apply retroactively in post-conviction proceedings. The post-conviction court granted the motion, agreeing with the state that *Ramos* did not apply retroactively in post-conviction proceedings. On its own initiative, the court also concluded that the state was entitled to summary judgment on the merits, ruling that, because petitioner waived his right to a jury trial by entering a plea, "petitioner may not obtain relief by alleging his right to a unanimous verdict was violated." Petitioner appealed, assigning error to the post-conviction court's grant of summary judgment.

The Supreme Court's decision in *Watkins v. Ackley*, 370 Or 604, 523 P3d 86 (2022), largely resolves this appeal.

The parties agree—correctly—that *Watkins* means that the post-conviction court erred when it granted the state's motion for summary judgment because, as is now clear, *Ramos* does apply retroactively in post-conviction proceeding under Oregon's Post-Conviction Hearing Act, ORS 138.510 to 138.680. *Watkins*, 370 Or at 633.

This acknowledgment ordinarily would require reversal. As petitioner points out, the post-conviction court's alternative basis for granting summary judgment does not supply a basis for affirmance because the state did not seek summary judgment on that basis. *Eklof v. Steward*, 360 Or 717, 736, 385 P3d 1074 (2016) (explaining that it would be "improper" for a post-conviction court to grant summary judgment on an issue not raised in the motion for summary judgment). The post-conviction court therefore erred by granting summary judgment on that basis. Further, under *Eklof*, it generally is error for us to affirm a grant of summary judgment on a basis not included in the motion for summary judgment. *Id*. That is because, under such circumstances, a party is deprived of the opportunity to put forth evidence in support of their claim. *Id*. Here, because the only asserted basis for summary judgment was the alleged nonretroactivity of *Ramos*, petitioner was never afforded an opportunity to develop the evidence supporting his contentions that his trial counsel performed inadequately, and that his plea was induced by fear of a nonunanimous verdict. As a result, in the present posture and through no fault of petitioner, this case offers no concrete facts on which to evaluate the merits of petitioner's claims.

The state nonetheless urges us to affirm. With respect to petitioner's inadequate-assistance-of-counsel claim, the state asserts that our decision in *Smith v. Kelly*, 318 Or App 567, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023), precludes petitioner from prevailing. There, we held that neither the state nor federal constitution was violated by a lawyer's failure to anticipate the decision in *Ramos*. *Id*. at 569. With respect to petitioner's challenge to the validity of the plea, the state urges us to affirm for a different reason. Although it acknowledges *Eklof*'s general prohibition on affirming a grant of summary judgment on a basis not raised in the motion, the state contends that this case falls within

an exception to the usual rules of procedure because, in the state's view, there is no set of facts on which petitioner would be entitled to prevail. In support of that argument, the state relies on *Fenimore v. Blachly-Lane County C.E.A.*, 297 Or App 47, 61-62, 441 P3d 699 (2019). In *Fenimore*, we affirmed a grant of summary judgment on a basis not raised in the motion where we concluded that, notwithstanding *Eklof*, we were persuaded "that the record in this case would not have developed differently had defendants raised the argument below" on which we relied to affirm. *Id.*

We are not persuaded by the state's alternative arguments for affirmance. Because the sole basis for summary judgment asserted in the state's motion was that *Watkins* is not retroactive, petitioner has not had the opportunity to present evidence on the merits of either one of his asserted grounds for relief. Although petitioner ultimately may not be able to present evidence of facts that will entitle him to prevail on either, we are not prepared to say at this point, as the state urges us to do, that there is no set of facts that petitioner could prove that would entitle him to relief.

In that regard, we note that petitioner's claim challenging counsel's advice in the plea process differs from the one we resolved in *Smith*, which involved counsel's performance at trial. Given that difference, we think the prudent course is to allow petitioner the opportunity to develop the factual basis for his claim before resolving its merits, rather than resolving the merits based on our own (possibly wrong) hypothesis about what the facts might be. The same is true with respect to petitioner's other asserted ground for relief. Whether and to what extent Oregon's unconstitutional nonunanimous jury practice may have affected the plea process in petitioner's case, and, in particular, whether it affected it to a degree that would render petitioner's plea invalid, is a question best resolved not on imagined facts but on the concrete facts that led to petitioner's plea. For those reasons, we decline the state's request to affirm on grounds that were not raised in the state's motion for summary judgment.

Reversed and remanded.