Submitted August 8, affirmed September 13, 2023, petition for review denied February 1, 2024 (372 Or 26)

JAMES SNODGRASS,
*Petitioner-Appellant,*

*v.*

Jamie MILLER,
Superintendent,
Snake River Correctional Institution,
and Oregon State Board of Parole,
*Defendants-Respondents*.

Polk County Circuit Court
20CV28914; A176748

536 P3d 1096

A jury found petitioner guilty of eight sex offenses in 1998. Petitioner filed for federal habeas corpus relief and agreed to settle the federal proceedings. In the settlement agreement, petitioner waived all future challenges to his convictions, including state post-conviction challenges. Following the United States Supreme Court's decision in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), requiring jury unanimity, petitioner nonetheless filed this post-conviction proceeding seeking relief from his convictions on the ground that the 1998 jury verdicts were not unanimous. The post-conviction court denied relief, granting summary judgment for the state on two separate grounds: (1) that Ramos did not apply retroactively in state post-conviction proceedings; and (2) that petitioner waived his right to file post-conviction relief proceedings challenging his convictions by entering into a settlement of the federal habeas corpus cases. Petitioner contends the post-conviction court erred in both respects. *Held*: (1) The post-conviction court erred in concluding that Ramos did not apply retroactively to state post-conviction proceedings. *See Watkins v. Ackley*, 370 Or 604, 523 P3d 86 (2022) (holding that Ramos applies retroactively in state post-conviction proceedings), but (2) the post-conviction court nevertheless correctly ruled that petitioner validly waived his right to post-conviction relief proceedings.

Affirmed.

Rafael A. Caso, Judge.

Margaret Huntington and O'Connor Weber LLC filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondents.

Before Lagesen, Chief Judge, and Kamins, Judge, and Kistler, Senior Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

In 1998, a jury found defendant guilty of 10 sex offenses. Eight of the verdicts were not unanimous. Following the United States Supreme Court's decision in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), petitioner filed this post-conviction proceeding seeking relief from his convictions resulting from nonunanimous verdicts. The post-conviction court granted summary judgment to defendants, the Superintendent of the Snake River Correctional Institution and the Oregon State Board of Parole, on two alternative grounds: (1) that *Ramos* did not apply retroactively in state post-conviction proceedings; and (2) that, as part of a settlement of a federal habeas corpus case, petitioner waived the right to file post-conviction proceedings challenging his convictions. Reviewing for legal error, *Yann v. Bowser*, 301 Or App 720, 722, 459 P3d 272 (2020), we affirm on the ground that petitioner's waiver bars him from pursuing this post-conviction relief.

To start, in view of the Oregon Supreme Court's decision in *Watkins v. Ackley*, 370 Or 604, 523 P3d 86 (2022), decided after the post-conviction court rendered its decision in this matter, the post-conviction court erred when it concluded that *Ramos* did not apply retroactively in state post-conviction proceedings.

Given that error, the remaining question is whether the post-conviction court was nonetheless correct in granting defendants' motion for summary judgment on the alternative ground that petitioner had waived the right to seek post-conviction relief from the convictions at issue. It was. As part of a stipulated agreement to resolve two pending federal habeas cases, petitioner unambiguously waived his right to bring a further post-conviction challenge to the convictions at issue in this case. Specifically, petitioner stipulated to the following:

> "In consideration for the above stipulations, petitioner knowingly, intelligently, and voluntarily waives any further challenges to his convictions and sentences in *State of Oregon v. James Lowell Snodgrass*, Multnomah County Circuit Court Case 060835039 and *State of Oregon v. James Lowell Snodgrass*, Polk County Circuit Court Case No.

96P-3054, including the filing of a petition in state court for post[-]conviction relief, a petition [in state or federal court] for a writ of habeas corpus, or any other form of collateral relief. *** This waiver is intended to resolve any claims and prevent any future litigation based on or related to petitioner's convictions and sentences in *State of Oregon v. James Lowell Snodgrass*, Multnomah County Circuit Court Case 060835039 and *State of Oregon v. James Lowell Snodgrass*, Polk County Circuit Court Case No. 96P-3054, and any collateral proceedings stemming from those convictions and sentences.

"Petitioner acknowledges, via declaration, that he has reviewed these stipulations with his attorney, Mark Weintraub, and that he (petitioner) knowingly, intelligently, and voluntarily agrees to all of the stipulations contained in this motion and the stipulated order."

Petitioner's stipulation could not be clearer. He unambiguously waived "any further challenges," including state post-conviction challenges, to the convictions that he seeks to challenge in this proceeding. Petitioner nevertheless argues that the waiver should not be enforced against him. He argues that the waiver was not "knowing" because, at the time he waived his right to further challenge his convictions, he did not know that, ultimately, the Supreme Court would reach the conclusion it reached in *Ramos*. Alternatively, he argues that a waiver should not apply any time a person can demonstrate that a conviction or sentence is "illegal."

We are not persuaded.

Petitioner's first argument is contrary to case law. A waiver that is "intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions" indicate that it "rested on a faulty premise." *Brady v. United States*, 397 US 742, 757, 90 S Ct 1463, 25 L Ed 2d 747 (1970); *see Peeler v. Reyes*, 328 Or App 110, 537 P3d 206 (2023).

Petitioner's second argument rests on a Ninth Circuit decision, *United States v. Torres*, 828 F3d 1113 (9th Cir 2016). We are not bound by Ninth Circuit precedent. However, even if we adopted the reasoning in *Torres*, it

would not assist petitioner here. That case addressed the scope of a *direct appeal* waiver of the ability to challenge a sentence, and did not hold that knowing, intelligent, and voluntary waivers of collateral remedies cannot be enforced to bar a constitutional challenge to a conviction. *Id*. at 1125. As defendants point out, courts generally have concluded that waivers of collateral remedies are enforceable. *See, e.g.*, *United States v. Lemaster*, 403 F3d 216, 220 (4th Cir 2005) (noting that "[e]very Circuit Court of Appeals to consider the issue *** has held that the right to attack a sentence collaterally may be waived so long as the waiver is knowing and voluntary"). Moreover, the Ninth Circuit itself has explained that its decision in *Torres* is limited. Specifically, the court has held that its decision in *Torres* does not apply to waivers of the right to challenge convictions. In particular, the decision in *Torres* does not stand for the proposition that a waiver of right to challenge a conviction becomes unenforceable when a change in the law gives rise to a new basis on which to challenge the legality of the conviction. *United States v. Goodall*, 21 F4th 555, 562-64 (9th Cir 2021). Rather, a person agreeing to such a waiver assumes the risk that "the law could change in [their] favor," when the person knowingly and voluntarily agrees to a bargain that includes a waiver of a subsequent challenge. *Id*. at 563-64. That is what happened in this case.

Accordingly, the post-conviction court correctly granted summary judgment to defendants on the ground that petitioner had waived the right to challenge the convictions at issue in this post-conviction proceeding.

Affirmed.