***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted August 8, affirmed September 13, 2023, petition for review denied February 1, 2024 (372 Or 26)

SINTORRI L. QUINONES-MIRANDA,
aka Sintorri Lesane Miranda,
*Petitioner-Appellant,*

*v.*

Dan BERGER,
Superintendent,
MacLaren Youth Correctional Facility,
*Defendant-Respondent.*

Marion County Circuit Court
19CV45198; A176899

Patricia A. Sullivan, Senior Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Kamins, Judge, and Kistler, Senior Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Petitioner appeals from a judgment denying his petition for post-conviction relief from his 2015 convictions, pursuant to a plea agreement, for attempted murder, assault, and unlawful use of a weapon. We affirm.

*Motion to suppress claims.* In his first and second assignments of error, petitioner assigns error to the post-conviction court's denial of relief on two claims pertaining to the fact that counsel did not advise petitioner regarding the possibility of moving to suppress statements on the ground that petitioner was too young and too intoxicated to understand his *Miranda* rights. Petitioner alleges that trial counsel was inadequate and ineffective for not advising him about the possibility of pursuing such a motion before petitioner entered his plea. Petitioner further alleges that, because he was not so advised, that his plea was not knowing, intelligent, and voluntary. The post-conviction court denied relief on that claim for several reasons, including that the evidentiary record did not demonstrate that petitioner's ability to understand his *Miranda* rights was impaired either by his youth or intoxication. That determination about the state of the evidence is supported by the record and binds us on appeal. *See Rowen v. Gonenne*, 274 Or App 803, 814, 362 P3d 694 (2015) (appellate court is bound by a trial court's finding that a party's evidence is not sufficiently persuasive). We reject petitioner's first and second assignments of error for that reason.

Ramos v. Louisiana *claims.* In his third and fourth assignments of error, petitioner assigns error to the post-conviction court's grant of summary judgment to defendant on two claims pertaining to *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020). Petitioner alleges that his lawyer was inadequate and ineffective for not advising him in 2015 that he could request a unanimous jury verdict or challenge the denial of the instruction on appeal. Petitioner also alleges that his plea was not knowing, intelligent, and voluntary because he was not told that he had the right to jury unanimity subsequently recognized in *Ramos*. Our review is for legal error. *Yann v. Bowser*, 301 Or App 720, 722, 459 P3d 272 (2020). Under *Smith v. Kelly*, 318

Or App 567, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023), the post-conviction court's ruling on petitioner's claim of inadequate and ineffective assistance of counsel was correct. Under *Peeler v. Reyes*, 328 Or App 110, 537 P3d 206 (2023), the post-conviction court correctly rejected petitioner's challenge to the validity of his plea.

Affirmed.